W. H. GRIFFIN ET AL. *v.* LEOLA BYRD.

1. VENDOR AND VENDEE.    *Vendor's lien.*

There exists no vendor's lien in favor of a complainant (as distinguished from a lien reserved by contract) when it appears that the note sued on was the price of the land sought to be subjected and certain personalty in gross, or that the land was sold for one sum and the personalty for another, the latter being evidenced by said note, for in neither case is there a fixed sum due from the vendee to the vendor as the purchase money of the land.

2. APPEAL.    *Reversal.    Jurisdiction.    Dismissal of cause on appeal.*

On the reversal of a final decree in a cause of which the chancery court had no jurisdiction, the appellate court, instead of remanding the cause to the court having jurisdiction thereof, will dismiss the same when it appears from the evidence that the complainant has no cause of action.

FROM the chancery court of Quitman county.

HON. A. H. LONGINO, Chancellor.

The opinion states the case.

*F. A. Montgomery*, for the appellants.

*J. T. Lowe*, for the appellee.

WOODS, J., delivered the opinion of the court.

This bill was filed for the enforcement of a vendor's lien for two hundred and fifty dollars on the realty therein described. The bill and complainants' evidence make out a sale of real and personal property for one sum in gross. The answer of the respondent and his evidence show a sale of the realty for one sum, and a sale of the personalty for another—the sum named in the note sued on. In either case, as made out, there was no vendor's lien on the real estate. The rule of law on this subject is that the vendor's lien is only raised where there is "a fixed sum of money due from the vendee to the vendor as pur-

chase money for the land conveyed." *Peters* v. *Tunnell*, 43 Minn., 475; Am. & Eng. Enc. L., vol. 28, p. 166, note 2 and cases there cited.

We have found no case contravening this statement, and the cases cited in the note just referred to are not opposed to it, as the usually careful editor of the encyclopedia seems to think. The Virginia and West Virginia cases there referred to were cases in which the sale, it is true, embraced both realty and personalty, and the purchase price was in gross, but the contract of sale and purchase itself created the lien sought to be enforced. In both cases it was a lien made by contract of the parties which was sought to be enforced, and not the vendor's lien, technically so called, which the law gives.

The chancery court has no jurisdiction of the subject-matter, and, reversing not because of want of jurisdiction in that forum, it would be idle to remand the cause to that court. If the appellee had any cause of action, under our singular system of blending equity and common law at the end instead of the beginning of litigation, it would be our duty to send the case to the circuit court, that appellee might there prosecute her claim for recovery upon the $250 note; but the whole case demonstrates that the appellee has no cause of action. She has received all agreed to be paid by appellant except the sum named in this $250 note, and there has been a failure of consideration in an amount certainly not less than the sum named in the note. A part of the consideration of the contract was a sale by appellee to appellants of a one-third interest in a decree in chancery for about $860. The appellee sold his one-third interest, and there was a total failure of consideration as to this one-third interest, for it is indubitably shown that she had no interest whatever in the decree.

It would be vexatious and expensive to remand the cause for a trial which must inevitably result in nothing, and we therefore reverse the decree and dismiss the bill.

*Reversed and dismissed.*