NELSON T. BURROUGHS, ADMR., ET AL. *v.* J. A. GILLILAND ET AL.

· [43 South., 301.]

1. VENDOR AND VENDEE. *Lien. Purchase money. Erection of plant. Payment out of gross receipts.*

The lien of a vendor of land for a fixed part of the unpaid purchase money is not affected by a provision in the deed that payment is to be made out of the gross receipts of a manufactory to be erected on the land by the vendee, which was never in fact erected.

2. SAME. *Equity practice. Conflict between bill and exhibits.*

A conflict between some of the allegations of a bill of complaint and the exhibits thereto is not fatal on demurrer if the other allegations and exhibits present a good case.

3. CONTRACTS. *Performance. Reasonable time.*

An agreement to perform an act which fails to specify the time of performance will be treated as providing for performance within a reasonable time.

FROM the chancery court of Attala county.

HON. JAMES F. McCOOL, chancellor.

The appellees, Jones A. Gilliland and Mrs. Pattie Lee Gilliland, executrix and sole devisee of the will and estate of her deceased husband, John W. Gilliland, were complainants in the court below, and the appellants, N. T. Burroughs, administrator of the estate of Roy C. Burroughs, deceased, and others, heirs at law of Roy C. Burroughs, were defendants there. From a decree overruling their demurrer to the bill of complaint the defendants appealed to the supreme court.

Complainants' bill prayed that a vendor's lien in their favor be decreed to exist on certain land for the payment of a balance of $2,500, part of the purchase price of the land as shown in a deed from Jones A. Gilliland and John W. Gilliland to Roy C. Burroughs, and that the same be foreclosed in chancery. The deed, which was an exhibit to the bill, provided as follows:

"Whereas, R. C. Burroughs purposes erecting on the lands hereinafter described a stone plant for the quarrying and manufacturing of the stone situated in and upon said lands; and whereas, to that end the said Burroughs heretofore entered into a contract with J. A. Gilliland and John W. Gilliland, wherein they agreed to convey to him in fee simple the N. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of section 9, township 14, range 7 east, in Attala county, Mississippi, and all of their right, title, and interest in and to certain leasehold contracts to the lands in said county, hereinafter described, owned and controlled by the said J. A. and John W. Gilliland, for the terms of which said leases they agree to warrant the title to said lands, during said terms, the consideration to be paid therefor being $5,000, and $2,500 additional to be paid to them by the said R. C. Burroughs from out of the first gross profits of said stone plant, after the same shall have been installed and put into operation; and whereas, at the date of the execution of said contract R. C. Burroughs

paid to the said J. A. Gilliland and John W. Gilliland the sum of $500 in cash, leaving a balance due of $4,500 under the terms of said contract, which sum of money has since been paid: Now, therefore, in consideration of the sum of five thousand ($5,000) dollars in cash, paid to us, the receipt of which is hereby acknowledged, and the further consideration of the said R. C. Burroughs paying to us the sum of twenty-five hundred ($2,500) dollars from out of the first gross profits of said stone plant after the same shall have been installed and put into operation, we, the said J. A. Gilliland and John W. Gilliland, convey and warrant in fee simple to the said R. C. Burroughs," etc.

The bill alleged that the complainant, Mrs. Pattie C. Gilliland, was the surviving widow and sole legatee of John W. Gilliland, deceased, and that Roy C. Burroughs had departed this life, leaving as his personal representative the administrator, N. T. Burroughs, and as his heirs the other defendants named in the bill; and that the stone plant proposed to be erected on said land had not been built nor put into operation, and that the sum of $2,500, due as a part of the consideration was unpaid, and that under the circumstances the complainants were entitled to have a lien upon the land conveyed in the deed, for the said sum.

The defendants demurred to the bill on the ground that the purchase price of the land, as shown in the deed, was $5,000, all of which, according to the recitals of the deed, had been paid, and that the payment of the $2,500 was an independent and collateral undertaking payable out of the first gross profits of the stone plant after it had been erected and put into operation. The demurrer further alleged that the bill and the deed, which was an exhibit thereto, were contradictory of each other. The court having overruled the demurrer, the defendants appealed to the supreme court to settle the principles of the cause.

*William Griffin,* for appellants.

The recitals of the deed and the allegations of the bill of complaint (of which the deed is an exhibit) are in hopeless conflict with each other, for the deed does not show, what the bill alleges, that the total consideration to be paid was $7,500. On the contrary the deed recites in unmistakable terms that the purchase price of the land was $5,000, of which $500 had been paid by Burroughs when he entered into the contract with the Gillilands, and the balance of $4,500 was paid when the deed from the Gillilands was executed. The payment of the $2,500 was to be based upon the erection of a stone plant, and the agreement as to this, though expressed in the deed, was a collateral undertaking entirely disconnected with the purchase price of the land.

It has been decided several times by this court that where a bill of complaint contradicts the recitals of its exhibits, the facts stated in the exhibits will control. *House* v. *Gumble,* 78 Miss., 259, s.c., 29 South., 71; *Montgomery* v. *Bank,* 79 Miss., 446, s.c., 30 South., 635; *McNeill* v. *Lee,* 79 Miss., 455, s.c., 30 South., 831.

The bill of complaint does not charge fraud, accident or mistake, and in no case would parol evidence be admissible to vary the terms of the deed, which, as above stated, is an exhibit to the bill. The deed is not ambiguous. It explicitly states that the $2,500 was to be paid by Burroughs from out of the first gross profits of the stone plant, after the same shall have been installed and put into operation. As the deed must be considered as containing all the agreements of the parties in the matter, it is self-evident that the decision of the lower court in overruling the demurrer was incorrect. *Baum* v. *Lynn,* 72 Miss., 932, s.c., 18 South., 428.

The purchase price of the land was $5,000, all of which had been paid, but Burroughs was willing to pay the additional sum of $2,500, on a business venture, contingent upon the erection of a stone plant and to be paid out of the gross profits

to be made therefrom in future. The land was not looked to for payment of this $2,500. This sum could not be collected by the Gillilands until the stone plant should have been erected, the plant placed in successful operation, and profits accrued; and then payment should be made out of the gross profits. In case of the erection of the stone plant and its operation at a loss, there being no gross profits, could the $2,500 have been claimed as due?

The agreement in regard to the "$2,500 additional to be paid them by the said R. C. Burroughs from out of the first gross profits of said stone plant, after the same shall have been installed and put into operation," was simply an independent collateral undertaking, dependent upon the successful operation of a commercial enterprise to be thereafter entered into, the payment of which was contingent upon the success thereof.

For a debt to be secured by a vendor's lien the debt must be for the purchase money of property, and a lien will not exist in behalf of an uncertain or unliquidated demand, or the fulfilment of conditions embracing an idefinite period. 29 Am. & Eng. Ency. Law (2d ed.), 744; *Peters* v. *Tunnell,* 19 St. Rep., 255; *Griffin* v. *Byrd,* 74 Miss., 32, s.c., 19 South., 717. See also *Parrish* v. *Hastings,* 48 Am. St. Rep., 50, 102 Ala., 414; *Betts* v. *Sykes,* 2 South. Rep., 648; *Suddeth* v. *Knight,* 14 South. Rep., 475.

*J. Gordon Smythe,* on the same side.

It is manifest from the deed of the Gillilands to Burroughs that the additional $2,500 mentioned therein was not intended to be a part of the consideration such as to give the vendors a lien on the land sold for the payment of the same. The $2,500 was based upon a venture which was purely speculative and uncertain, resting upon a contingency, for the happening of which no definite time was fixed. The vendors, recognizing the speculative nature of the transaction, were willing to

take their chances of getting an additional $2,500 out of the property sold, and the vendee, for the same reason, was willing to pay the same upon the happening of the contingent event, to-wit, the successful erection and operation of the stone plant.

The liability of the vendee to the vendors, as regards the $2,500, was not an absolute debt, but was a contingent event clearly expressed in the deed. There could be no vendor's lien as to this $2,500. In order that a vendor's lien may arise it is fundamental that there should be an ascertained, fixed consideration either of money or its equivalent, whereby there arises a certain absolute debt of the vendee to the vendor in consideration of the transfer of the land. 29 Am. & Eng. Ency. Law (2d ed.), 744. See also the many cases there cited. The cardinal rule seems to be that the lien lies only for a debt which may be either in money or rendition of services or any other valuable consideration, definite, ascertained and stipulated as the equivalent of the amount of the purchase money, and arising out of the sale of the land against which the lien is sought. *Griffin* v. *Byrd,* 74 Miss., 32, s.c., 19 South., 717.

The deed shows that the $2,500 was to be paid by Burroughs upon a purely speculative happening, *i. e.,* the installation and operation *at a profit* of the stone plant to crush stone on the land. Now, in case it had developed on investigation that the appearances of the land as to stone therein deposited were deceptive, and that no such quantities of stone were found as would justify the enormous expense necessary toward the erection of a stone-crushing plant, nothing would ever be due to the vendors. The parties, having such contingent happenings in their minds, used the language as shown in the deed. And from this language we must conclude that the additional $2,500 was conditional, to be paid only on the happening of the contingency stated therein, the operation of the plant at a profit.

There must be a clear reservation of a lien in a deed before

the law will hold that there is a lien. *Moore* v. *Lackey,* 53 Miss., 85.

Coming now to a consideration of that ground of the demurrer, as to the contradiction between the bill and the deed, its exhibit, we submit that this case falls squarely within the rule laid down by our supreme court, that "where the averments in the bill contradict a statement in some exhibit made a part of the bill, the exhibit will be taken to contain the true state of facts. *House* v. *Gumble,* 78 Miss., 268, s.c., 29 South., 71.

*Hooker & McBee,* for appellees.

The deed states that it is made in consideration of $5,000 cash, and the further consideration of $2,500 to be paid out of the "gross profits" of the stone plant to be erected on the land described in the deed. There is nothing speculative about the deed.

The law presumes the retention of a lien in favor of the unpaid vendor, unless the terms of the contract of sale or the concomitant circumstances to the transaction satisfactorily show that the lien was purposely excluded and that the vendor relied on the personal credit of the vendee. 29 Am. & Eng. Ency. Law, 742.

Counsel for the appellants contend that the fact that payment of the $2,500 is to be made from "gross profits" of the stone plant, indicates an understanding that the vendors were to look solely to the prospective profits of the plant. As a proof that the vendors expected to look, not to the land, but to these profits, for the payment of the $2,500, they argue that the parties to the deed purposely used the language shown therein. We submit, however, that there is nothing in the contract between the parties which binds the appellees to look alone to the profits of the stone plant for the payment of this $2,500. The deed merely fixes a sum certain to be paid and in its designation of the gross profits, says from what fund the money shall come. But the appellant was to remain per-

sonally liable therefor until the debt should be satisfied. And the appellees expected to have a lien therefor on the land. Any other construction of the deed would make the collection of the $2,500 contingent upon the right doing or wrong doing of the vendee, Burroughs, and place the matter of payment entirely in his hands, to be defeated by him at his pleasure; that is to say, he would, under the contention of opposing counsel, have the right to sit calmly down and do nothing toward the carrying out of his contract, while the appellees, who sold him the land, would be forever barred from the collection of a just debt. Such cannot be the law. We submit that, under the wording of the contract, even if the appellee failed to erect the stone plant, appellees had the right, anyhow, to resort to the land for the payment of the $2,500. *Harvey* v. *Kelly,* 41 Miss., 490; *Deason v. Taylor,* 53 Miss., 700.

Opposing counsel contend, and it is one ground of the demurrer to our bill, that the bill and the deed, which is an exhibit to the bill, contradict each other. While there may be immaterial differences, we submit that both bill and deed show that there was $2,500 due by appellant to appellees, as purchase money of the land, and that it was unpaid. The recitals of the deed show this. Hence there can be no such conflict as will constitute grounds of reversal. *Baum* v. *Lynn,* 72 Miss., 932, s.c., 18 South., 428.

Mayes, J., delivered the opinion of the court.

In the case of *Griffin* v. *Byrd,* 74 Miss., 32, 19 South., 717, in speaking of the cases in which a lien in favor of the vendor of real estate is raised, the court says: "The rule of law on this subject is that the vendor's lien is only raised when there is a fixed sum of money due from the vendee to the vendor as purchase money for the land conveyed"—citing *Peters* v. *Tunnell,* 43 Minn., 473, 45 N. W., 867, 19 Am. St. Rep., 252; 28 Am. & Eng. Ency., p. 166, note 2, and cases there cited.

When this deed, made Exhibit C to the bill of complaint, is examined in the light of the rule thus established by this court, there can be no doubt but that appellees are entitled to a lien on the property described in the deed of J. A. and J. W. Gilliland to Roy C. Burroughs. The deed states that it is made in consideration of $5,000 cash, and the further consideration of $2,500 to be paid out of the "gross profits" of a stone plant to be erected upon the lands conveyed. By this deed there becomes a fixed sum of money due from the vendee to the vendors, and this sum of mony is due solely for the purchase money of the land conveyed. See, also, *Patterson* v. *Edwards,* 29 Miss., 67, on page 71. The contract, as shown by the deed, meets all the requirements of the rule laid down in *Griffin* v. *Byrd, supra.* The recitals of the deed show that it was contemplated by the parties at the time the deed was executed that a stone plant should be erected by the vendee on the lands, and that from the fund created by the erection of this plant, if erected, the vendee was to have the right to pay the balance of the purchase money due on the land. But the erection of the stone plant by the vendee formed no part of the consideration for the transfer of the land by the vendors to him. The contract merely gave him the right to pay the balance of the consideration due on the property out of the "gross profits" of the stone plant, whatever may have been meant by the use of the term "gross profits."

The bill alleges that appellants failed to erect the stone plant, as it was understood that they should do, and because of their default in this, and failure to pay the balance of the purchase money due under the deed, they ask that a lien be established on the property conveyed for the $2,500 unpaid purchase money. We think they clearly have this right. Appellants cannot defeat the appellees in the collection of the balance of their purchase money by failing to establish a stone plant, out of which to create a fund to pay the balance due as purchase money for this property. There is nothing in this contract

which binds the appellees to look alone to the proceeds of the stone plant for the payment of the balance of the purchase money due under the contract of sale. If appellants had erected the stone plant, appellees had the right to have the balance due them paid out of the proceeds of the plant; but, the appellants failing to erect the plant, appellees had the right to resort to the land anyway.

It is true that some allegations in complainants' bill conflict with the exhibits filed, and it is also true that this court has held that where this is the case the exhibits control; but, after eliminating those parts of the bill that conflict with the exhibits, the record still shows that there was $2,500 due as purchase money, and that it was unpaid. This being the case, a good case is made out by the remainder of the bill and exhibits. The contract specifies no particular time when the appellees should erect the plant; but it was certainly contemplated by the parties that the plant should be erected and put in operation in some reasonable time, and since the bill alleges a total failure to erect the plant, and it is demurred to, no question is raised in the record as to whether or not a reasonable time has passed. *Hall* v. *Eastman & Gardner Lumber Co.,* 89 Miss., 588, 43 South., 2.

*Affirmed and remanded, with leave to answer in sixty days after mandate is filed.*