## Mitts *v.* Price.

[92 South. 163, No. 22672.]

1. CHATTEL MORTGAGES. *Presupposes an existing indebtedness; but, where there is none, an agreement to resell does not convert an absolute conveyance into a mortgage.*

    A mortgage presupposes an existing indebtedness, which the grantor or mortgagor remains under a legal obligation to pay, and, wherever no such obligation exists, an agreement to resell does not convert an absolute conveyance into a mortgage, but it is a mere privilege to repurchase.

2. CHATTEL MORTGAGES. *Where contract of sale with right to repurchase specifies no time for performance, the right must be exercised within reasonable time.*

    In a contract of sale of personal property with the right to repurchase, where the contract specifies no time for performance, the right must be exercised within a reasonable time.

3. CHATTEL MORTGAGES. *Where possession is delivered to buyer with contract to repurchase, such right must be exercised within the period of limitation.*

    Where the possession of personal property is delivered to the vendee under a contract of sale, with the right to repurchase, where the contract specifies no time for performance, what would be a reasonable time within which the right must be exercised must be determined in each case by the facts and circumstances of the particular case, but it must be within such time as would bar the vendor's right to recover the property if it had been held adversely from the beginning.

4. CHATTEL MORTGAGES. *Where personal property is delivered to buyer under sale contract, with right to repurchase, the right must be exercised within the statute of limitations as to adverse possession.*

    Where the possession of personal property is delivered to a vendee under a contract of sale with the right to repurchase, and no time for the exercise of this right is specified in the contract, it must be exercised within the period of time prescribed by the statute of limitations for the institution of a suit for the recovery of the property, if it had been held adversely from the beginning.

APPEAL from chancery court of Lauderdale county.

HON. G. C. TANN, Chancellor.

Bill by Mrs. Annie B. Price against F. W. Mitts. Decree for plaintiff, and defendant appeals. Reversed, and judgment for defendant.

*Chas. B. Cameron,* for appellant.

The court erred in overruling the demurrer for the appellant to original bill filed by appellee. This demurrer should have been sustained for several reason, chief among which are as follows: (a) It is apparent from the face of the bill that the appellee's rights, if any, were barred by the statute of limitations. (b) This contract was entered into on the 25th day of April, 1914, and the bill was not filed in this case until the 14th day of April, 1921, lacking only eleven days of being seven years, after the execution of the contract touching the personal property which had been delivered to the appellant and which had been in his possession for more than three years prior to the institution of the suit by the appellee and said bill filed more than six years after the date of the original contract of April, 1914. (c) The demurrer challenged the bill on the ground that the exhibit attached to said bill was a writing absolute on its face and was not a mortgage and could not be construed as a mortgage without alleging that the maker did not part with the possession of the property in question, or that there was fraud in its procurement and that fraud was the issue to be tried as provided by section 4783 of the Code of 1906.

Section 4783 of Code 1906 is as follows: "Deed Not Shown to be a Mortgage Unless—A conveyance or other writing absolute on its face, where the maker parts with the possession of the property conveyed by it, shall not be proved, at the instance of any of the parties, by parol evidence, to be a mortgage only, unless fraud in its procurement be the issue to be tried. "Absolute conveyance cannot be declared a mortgage on the parol testimony and

evidence of the grantor who has parted with the posses-sion.' " *Schwartz* v. *Lieber* (Miss.), 32 So. 954. (d) The bill exhibited against the appellant was one for a specific performance of a contract and clearly showed upon its face that by reason of the laches and negligence of the appellee that a specific performance of the contract could not be decreed or granted by the chancery court.

I call the court's attention to section 54 Vol. 25, Ruling Case Law, page 250; *Dorsey* v. *Packwood*, 12 Howard, 126, reported in 13 U. S. Law Ed. 921; *Rogers* v. *Sanders*, 16 Me. 92, reported in 33 Am. Dec. 635; *Brashier* v. *Grantz*, 6 Wheat, 528, reported in 5 U. S. Law Ed., page 322; *Davison* v. *Davis*, 125 U. S. 90, reported in 31 L. Ed. U. S. at page 635, and other cases cited under No. 1, Sub-division on page 251. See, also, on page 251, Vol. 25 R. C. L., further citations on the proposition as to denial of specific performance by the court by reason of unreasonable delay and laches of the complainant. See, also, section 55 under the general chapter of Specific Performance, in 25 Ruling Case Law, at page 252, where the question of laches is discussed and a treatment appears of the different factors necessarily involved in that question. Section 56, relating to change in circumstances, section 57, relates to change in value and furnishes the different rules for the guidance of the court in determining this question.

The bill shows on its face that the legal title to the property in question was in the appellant and that there had only been a right of repurchase granted and this right if any, ever existed, had long since been abandoned by the appellee and hence the appellee was not entitled to specific performance as prayed for in her bill. (f) No consideration for agreement to recovery. *Vasser* v. *Vasser*, 23 Miss. 378.

I respectfully submit that this demurrer should have been sustained and this bill dismissed. The contention of the appellant on the trial of this case was to the effect that the contract in question was a conveyance with a right of repurchase to be exercised within a reasonable length of time by the appellee. It remains to be seen therefore, as to

whether or not, this contention of the appellant is supported by the facts and the law.

I call to the court's attention the case of *Daniel McGee, et al.* v. *P. S. Catching et al.,* reported in 33 Miss. at 672, as a case decisive of the proposition. Therefore, I submit that the statute of limitation of the state of Mississippi, regarding personal property where the same remained in the possession of the appellant, applied in this case and the cause should have been decided in favor of the appellant for this and other reasons.

There was no time specified in the contract regarding the repurchase of the property and hence the same under the rules of law, should have been exercised within a reasonable time. See the case of *Burroughs* v. *Gillihead,* 90 Miss, 127, reported in 43 So., page 301, where this court announced that an agreement to perform an act which fails to specify the time of performance, will be considered as providing for performance within a reasonable time. Again this court held in *Echols* v. *R. R. Co.,* 52 Miss. 610, that when a contract to furnish supplies does not indicate a time for the performance of the contract, that it will not be held terminable at the pleasure of either party or after such period as the court may deem reasonable under the circumstances. See, also, the case of *Dutton & McMillan* v. *Shaw,* reported in 38 So., page 38.

There was no existing indebtedness from the appellee to the appellant, such as could have been made the basis of a suit by the appellant against the appellee and hence the instrument before the court cannot be construed as a mortgage.

On this proposition, I call the court's attention to the case of *Mason* v. *Moody,* reported in 26 Miss., at page 184, in which the foregoing question is discussed in the opinion and in which there was also involved the privilege of repurchase of slaves at the same price at which he had sold them, as in the case at bar. Should this court hold, as did the lower court, that the instrument in question was a mortgage, then the same was barred by the statute of limi-

tations because suit was not instituted on the instrument until a little short of seven years after the execution of same.

*J. E. Parker and H. T. Odom,* for appellee.

With regard to the law in this case we take the position that the purpose of construing and interpreting the meaning of the contract in question is to ascertain the intention of the parties in making the contract, which rule is announced in volume 6 of R. C. L. at page 835, and in ascertaining the intention of the parties it is proper to look to the nature, subject-matter and purpose of the contract, which rule is laid down in Volume 6 R. C. L. at page 837.

Appellant relies with great confidence on the case of *Magee et al.* v. *Catching et al.,* reported in 33 Miss., at page 672. It will be noted that this was a case where one party in order to accommodate another party agreed to purchase the property of the other and hold the same for his benefit, and agreed with the bank, which was making the sale, in advance, that this might be done by the accommodating party, giving to the bank his note.

Appellant refers to the different lengths of time wherein courts have refused to decree specific performance, as listed in Volume 25 of R. C. L. at page 257, which shows all the way from twenty-four years to three years. There can be but little deduced from this list of comfort to the appellant, who complains about a period of time less than seven years, if it is to be expected that any listed length of time carries with it a condemnation, without regard to the terms of the contract upon which it is based and the intention of the parties in making the same. This list, as well as all other lists, will serve only to confirm the doctrine that each and every case must be measured by its own facts. This rule is accurately stated in Volume 25 of R. C. L. at page 252.

The appellee insists in this case that when she was overtaken by adversity, it was her desire to make such arrangements as would enable her to keep her engagement ring, and another ring of similar attachment, and it was this desire that occasioned the execution of the contract involved in this law suit. She saw that the time would be long, and she disclosed to the appellant the length of the period over which her inability would naturally extend, and it was this length of time that she was undertaking to span, and it was this length of time that the appellant understood by his contract to preserve to her the rights she so earnestly cherished. And all that was required by the appellant was a ten per cent per annum charge. When the contemplated time had arrived, demand was made by the appellee on the appellant, and he declined to serve in the capacity he had contracted to serve. He had given one of the rings away, but this one could be had and returned if necessary; the other he had sold, but he could not remember to whom he had sold. Diamonds have advanced in value, but these rings were objects of special and peculiar attachment to the appellee, whether rising or falling in selling value. She brings her case to the courts that the rights she contracted for may be recognized and enforced for her. We believe that she will not be denied this request. We see in this case only the application of accepted principles of law; we see in this case an effort to obtain only what was agreed between the parties should be obtained. We earnestly ask and confidently expect this case to be affirmed.

COOK, J., delivered the opinion of the court.

On April 14, 1921, Mrs. Annie B. Price, appellee, exhibited her bill in the chancery court of Lauderdale county against F. W. Mitts, appellant, seeking to recover of appellant two diamond rings by virtue of a certain contract made and entered into between these parties on the 25th day of April, 1914, and praying in the alternative for a de-

cree against appellant for the then market value of the rings, less the amount due appellant by appellee under the terms of this contract. The chancellor rendered a decree ordering appellant to deliver the rings to appellee, and, in the event he failed to deliver the rings, that appellee recover of appellant the sum of two hundred and ninety-eight dollars and fifty-three cents and costs, and from this decree this appeal was prosecuted.

The facts disclosed by this record are substantially as follows: In April, 1914, appellee was the owner of two certain diamond rings, of the value of between three hundred dollars and four hundred dollars, which were then in a pawnshop in the city of Meridian, Miss., where they were pledged to secure a debt of one hundred and eighty-six dollars due the pawnbroker by appellee. The husband of appellee was at that time incarcerated in the federal penitentiary at Atlanta, Ga., serving a sentence of four years on a charge of embezzlement, and appellee was unable to raise the money necessary to redeem the rings. As the rings were about to be sold by the pawnbrower for the debt due him, one Moody Price, a brother-in-law of appellee, undertook to raise the money to prevent the sale. He approached appellant, and acquainted him with the facts, and after some negotiations it was decided that appellant would investigate the diamonds, and, if he found them to be worth the amount demanded by the pawnbroker, that he would take over the diamonds and pay the pawnbroker the amount due him; and this was subsequently done. At the time of this transaction Moody Price prepared the bill of sale or contract which is the basis of this suit, and which reads as follows:

"Meridian, Miss., April 25, 1914.

"In consideration of one hundred and eighty-six dollars I hereby warrant, sell and deliver unto F. W. Mitts, two gold rings, each of which is set with a diamond, the larger stone weighing about seven-eighths of a carat, the other weighing about three-fourths of a carat, with the privilege of redeeming or buying the two rings and diamonds back

at the same price at such time as I may desire, by paying ten per cent. interest per annum from date on purchase money one hundred and eighty-six dollars. It is also agreed between myself and F. W. Mitts that I may redeem, or buy back the largest stone first if I see fit to do so, by paying one hundred and twenty dollars with ten per cent. interest on this account from date.

"F. W. Mitts and myself both to retain a copy of this bill of sale.

"Witness my signature this 25th day of April, 1914.

MRS. ANNIE B. PRICE.

"The provisions of the above bill of sale are hereby agreed to by me this the 25th day of April, 1914.

F. W. MITTS."

At the time of the execution of this bill of sale the diamonds were delivered to appellant, and they remained in his possession for some three or four years. Appellant testified that he then approached Moody Price and informed him that he needed the money invested in the rings, and requested him to find out whether appellee desired to exer cise her right to repurchase under the terms of the bill of sale; that shortly thereafter he was informed by Price that appellee did not desire to exercise this right, and that he could deal with the rings as he saw fit, and that he then disposed of them.

After appellee's husband regained his liberty, they moved to the state of Ohio, where she continued to reside, and it appears without dispute that, although this contract was entered into on the 25th day of April, 1914, and the rings were then delivered to appellant, there was never, at any time, for a period of nearly seven years, a single word, suggestion or indication from Mrs. Price, appellee, or any one for her, that she desired to repurchase the rings from appellant, and it is admitted that appellee was not financially able to repurchase the rings at any time during this period of more than six years. Shortly before the filing of the bill of complaint in this cause, a daughter of appellee approached appellant, and endeavored to repurchase the rings

with her own funds, but appellant had disposed of them some years before, and was therefore unable to deliver them, and, upon his failure so to do this, suit was filed.

Appellee testified that at the time the bill of sale was executed, appellant understood that she would probably not be able to repurchase or redeem the rings until she could receive some assistance from her husband after his release from prison, and the only explanation offered by her for her silence of more than six years was that she was never financially able to repurchase the rings.

The defendant interposed a demurrer to the bill of complaint which challenged the right of appellee to have specific performance of the contract, on the grounds that the bill shows no title or interest in the appellee to the rings in question; that the instrument under which complainant claims was without consideration; that the complainant does not show that she has complied with the condition of said agreement upon which appellant was to reconvey; that the bill shows that it is an attempt to prove by parol that a certain writing absolute on its face is a mortgage only, in the face of section 4783 of Code of 1906, without alleging that the maker did not part with the possession of the property in question, or that there was fraud in its procurement, and that fraud was the issue to be tried, and that the bill shows on its face that complainant's rights, if any, were barred by the statute of limitations.

This demurrer was overruled; thereupon appellant filed his answer, setting up substantially the facts herein detailed, and averring that, since the contract granting the right to repurchase the property failed to specify the time of performance, the right must be exercised within a reasonable time, and that this right of repurchase given in the contract was not exercised within a reasonable time; that for nearly seven years nothing was said or done by appellee to indicate to appellant an intention or desire to repurchase the rings, and this delay of seven years did not constitute a reasonable time within which to repurchase. The decision of the question presented by this averment

is decisive of this appeal, and for that reason we deem it unnecessary to set out the further averments of the answer.

Whether the instrument of writing which is the basis of this suit is a mortgage or a contract of sale with the right of repurchase at a fixed price to be exercised within a reasonable length of time is extensively argued by counsel. A mortgage presupposes an existing debt, and, where there is no debt due by the vendor to the vendee, an agreement to resell will not convert an absolute conveyance into a mortgage. The contract in this case imposed no obligation on appellee to repurchase, and there was no existing indebtedness from appellee to appellant which could have been made the basis of a suit or demand against appellee. If the value of the rings in question proved insufficient to reimburse appellant for the amount invested in them he could assert no demand against appellee for the balance, and we conclude that the contract was not a mortgage, but simply a contract of sale with the right to repurchase upon the payment of a fixed sum with interest.

Since this contract fixed no limit of time within which the right to repurchase should be exercised, the next question presented is: In what time must this right be exercised? It is settled in this state by numerous decisions that, where a contract specifies no time for performance, it must be performed within a reasonable time. *Magee et al.* v. *Catching et al.,* 33 Miss. 672; *Echols* v. *Railroad Co.,* 52 Miss. 610; *Hall* v. *Eastman, Gardiner & Co.,* 89 Miss. 588, 43 So. 2, 119 Am. St. Rep. 709; *Burroughs* v. *Gilliland,* 90 Miss. 127, 43 So. 301; *Dutton & McMillan* v. *Shaw* (Miss.), 38 So. 638. In fact, we understand that counsel for appellee concedes this proposition, but contends that the facts in each particular case must determine what would be a reasonable time for performance, and that, under the facts in this record, a period of over six years was reasonable. It is true that no time can be fixed that would be considered reasonable in all cases, and that the period of time that would be considered reasonable must be determined in each case by the facts and circumstances of the

particular case; but where the possession of personal property is delivered to a vendee under a contract of sale, with the right of repurchase, a reasonable time for the exercise of this might must be within such time as would bar the vendor's remedy, if the defendant's possession had been, from the beginning, adverse to the title asserted by complainant. The full period of time prescribed by the statute of limitations might be held to be unreasonable in some cases, but we think the right to repurchase, in any case where no time is specified in the contract, will be extinguished by the lapse of the period of time prescribed by the statute of limitations for the institution of a suit for the recovery of the property, if it had been held adversely. In other words, the statute of limitations fixes the time beyond which the right will not extend when no time is specified for performance, and, if a longer time is desired, the contract should so provide. *Magee et al.* v. *Catching et al.,* 33 Miss. 672.

Since the appellee herein did not undertake to exercise her right until nearly seven years had elapsed, her right was then extinguished, and the decree of the court below will therefore be reversed, and judgment entered here for appellant.

Reversed, and judgment here for appellant.

*Reversed.*