## LOUISA PINGER *vs.* WILLIAM PINGER.

### May 2, 1889.

Cancellation of Deed—Abuse of Confidence — Pleading.—The complaint and answer in this action, which is brought to cancel and set aside a deed of real estate executed and delivered by plaintiff to her son, the defendant, examined and considered. *Held, first,* that the complaint states facts sufficient to constitute a cause of action; and, *second,* that a reply to the answer was unnecessary.

Appeal by plaintiff from a judgment of the district court for Scott county, *Edson,* J., presiding.

*E. Southworth,* for appellant.

*Peck & Brown,* for respondent.

COLLINS, J.    Upon the complaint and answer in this case judgment of dismissal was ordered and entered, upon defendant's motion. Two grounds were assigned therefor: *First,* that the complaint did not state facts sufficient to constitute a cause of action; and, *second,* for want of reply to the answer.    The object of the action is to cancel and set aside a deed, with its record, of certain real property, made by the plaintiff to her son, the defendant.    The complaint alleges the plaintiff to be a widow, over 80 years of age at the time of the transaction, and very feeble and infirm.    It further sets forth in detail, in addition to some matters of form, the situation, surroundings, and circumstances under which the defendant obtained a deed to the premises in question from plaintiff, upon a promise to remain and reside with her so long as she should live, to render her such as-

sistance about the house as might be necessary for her comfort, to pay his brothers and sisters (the plaintiff's children) a certain sum of money upon her death, and to have prepared and executed in proper form such papers as would carry out the contract and bind the parties to a performance of its conditions. It also avers that, having secured and recorded the deed without executing any other papers, the defendant treats plaintiff in an unkind and insulting manner, neglects and refuses to aid or assist her, or to remain in the house; that he wholly repudiates his agreement, denies all the conditions thereof, and refuses to perform any part, now or hereafter. There is stated in the complaint a good cause of action. From its allegations it appears that the defendant son has secured from his aged and infirm mother, because of her confidence in his promises and representations, a deed of the premises without condition, except that the right of possession is reserved to her, when other material and important conditions were a part of the contract, and were to be evidenced by papers which defendant agreed should be properly prepared and executed. When a peculiarly confidential relation exists between the parties, such an one as appears from the complaint here, the law exacts the utmost good faith in all transactions. Courts of equity will often interfere in such cases, where, but for the peculiar relations, they would either abstain from granting relief, or would grant it in a very moderate manner. If confidence be reposed, it must be faithfully acted upon, and preserved from any intermixture of imposition. If influence be acquired, it must be kept free from the taint of selfish interests and cunning bargains. The general principle which governs cases of this kind is that, if confidence is reposed, and that confidence is abused, courts of equity will grant relief. 1 Story, Eq. Jur. §§ 307, 308.

It is impossible to conclude that a reply was essential. The answer admits the execution and record of the deed. It then sets forth that, in making a division of her property among her children, the plaintiff intended to and did give that described in the complaint to the defendant, reserving to herself the right to use and occupy the same during her lifetime. It denies undue influence or fraud upon defendant's part, or that his treatment of plaintiff has ever been undu-

tiful or insulting; and further denies that, as one of the conditions of the contract, the defendant was to pay any sum of money whatsoever to his brothers or sisters, or to any other persons. There are some immaterial averments in the answer, but of these no notice need be taken. As a whole, it is purely defensive, denying the agreement as stated in the complaint, and setting up that no conditions were imposed upon defendant at the time of the transaction. Upon the issues distinctly made by these pleadings, testimony should have been received.

Judgment reversed.