FREDERICK PETERS and Wife vs. HENRY TUNELL and others.

June 13, 1890.

Vendor's Lien — Gross Sale of Real and Personal Property. — A vendor's lien upon real estate does not arise in the case of a sale of both real and personal property, for one entire sum or consideration, without any distinct price being set upon the real property.

Same—Sale of Realty—Consideration of Uncertain Value.—Nor is such a lien implied to secure the performance of the consideration for the transfer of real estate when the consideration is of such a nature that the court cannot accurately ascertain and define the amount of the charge to be thus imposed upon the land, as where the consideration is an agreement to support the grantor during life.

Appeal by plaintiffs from an order of the district court for Freeborn county, *Farmer*, J., presiding, sustaining the demurrer of the defendants Hintz, Peters, and Steep.

*John Whytock*, for appellants.

*Eustis & Morgan*, for respondents.

DICKINSON, J. This is an appeal by the plaintiffs from an order sustaining a demurrer to the complaint. The facts set forth in the complaint may be briefly stated to be as follows: In 1877 the plaintiffs, who are husband and wife, owned the land which is the subject of this action, consisting of 160 acres, it being their farm. In that year they entered into an agreement with their son, the defendant Frederick Peters, Jr., for the sale and transfer to him of the farm, and certain valuable personal property, in consideration of a written agreement on his part which is fully set forth in the complaint. The general nature of this agreement of the son was in part for the support of the plaintiffs during their lives, the specific agreement being that he should pay to them yearly a stated sum of money; provide them with stated quantities of farm produce, the use of a cow, and of two sheep, as long as sheep should be kept on the farm; one-fourth of all the eggs produced on the farm; to provide a room for their occupancy; and to make certain provision for and payments to other persons named, in certain specified contingencies. In consideration

of this agreement the plaintiffs conveyed the land to their son by warranty deed expressing the consideration of $1,500. The written agreement of the grantee, although contemporaneous with the deed, was not referred to therein. In 1879 the said grantee, Frederick, Jr., with the consent of the plaintiffs and for their benefit, conveyed the farm to the defendant Reiners, the consideration being an agreement by Reiners to assume and perform the said obligations of Frederick, Jr., to the plaintiffs. In 1881, Reiners, with the consent of the plaintiffs, sold and conveyed the farm to the defendant Tunell, the consideration being an agreement by the latter to assume and perform the same obligations; and he received the said personal property, and went into possession of the farm. In 1883, Tunell, without the knowledge or consent of the plaintiffs, and with intent to defraud them, sold and conveyed 80 acres of the land to the defendant August Hintz, 40 acres to the defendant Henry Peters, and the remaining 40 acres to the defendant George Steep. The title thus conveyed still remains in the three grantees last named. The plaintiffs were compelled to leave the farm in 1882 because they were not provided with the means of maintenance. The defendants Frederick Peters, Jr., Reiners, and Tunell have failed to perform the obligations assumed by them, successively, $1,000 of the money agreed to be paid being now unpaid, and they are now insolvent. All of the successive grantees of the land had knowledge of the terms and conditions of these agreements made for the support of the plaintiffs.

The plaintiffs seek such relief as might be had upon a vendor's lien. It is indeed apparent that they have no remedy, as respects the land, unless it is to be considered that they enjoyed the equitable right of a vendor's lien to secure the performance of the agreement made for their support. The conveyance by deed from the plaintiffs having been absolute, without condition, and without fraud, the subsequent breach of the personal obligation of the grantee, which was the consideration for the conveyance, did not affect the title which had been thus effectually transferred. As to the validity and legal effect of the deed to the plaintiffs' son, no question can arise. It is not alleged to have been procured by any solicitation or undue influ-

ence, or that the transaction was affected by fraud, or that the grantors suffered under any mental infirmity. It appears from the complaint that the agreement for the plaintiffs' support in the manner set forth was made in consideration of the sale and transfer *both* of the land and of "certain valuable personal property," and, so far as appears, without any price or consideration being fixed upon the two classes of property separately; the sale and transfer of the whole property being the entire and unapportioned consideration for the agreement for support. But as a vendor's lien does not arise, according to the common law, from a sale and delivery of personal property, but is confined to sales of real estate, it follows that the plaintiffs did not acquire a lien to secure the performance of this contract, which, according to the complaint, was the consideration or price for the sale of both the personal property and the land, without distinction. *Stringfellow* v. *Ivie*, 73 Ala. 209; *Wilkinson* v. *Parmer*, 82 Ala. 367, (3 South. Rep. 4;) *McCandlish* v. *Keen*, 13 Grat. 615; 2 Jones, Liens, § 1072.

But upon broader grounds we arrive at the same conclusion. It is in accordance with what is deemed to be the greater weight of authority that a vendor of real property is not entitled to an implied equitable lien to secure the performance of the consideration when that is of such a nature, as is that in this case, that the court cannot accurately ascertain and define the amount of the charge to be imposed upon the land and enforced out of it. *Arlin* v. *Brown*, 44 N. H. 102; *Brawley* v. *Catron*, 8 Leigh, 522; *Hiscock* v. *Norton*, 42 Mich. 320, (3 N. W. Rep. 868;) *Clarke* v. *Royle*, 3 Sim. 499; 1 Perry, Trusts, (4th Ed.) § 235; 2 Jones, Liens, § 1071. In *Hammond* v. *Peyton*, 34 Minn. 529, (27 N. W. Rep. 72,) it was shown that the tendency both of adjudication and of legislation was opposed to an extension of the doctrine of vendor's lien beyond what might be regarded as the established rules of equity upon the subject; and reasons were there suggested why this policy of restriction, rather than of extension, should be pursued. Those reasons, and the principle of that decision, are applicable to affect the decision of this case. While there are some decisions which support the right of lien in similar cases, it is considered that the stronger current of au-

thority is the other way, that the stronger reasons are opposed to it, and that to allow the implication of a reserved lien in this case would be extending the doctrine beyond its hitherto established limits. Indeed the practical difficulty of enforcing such a lien, in a case like this, is in itself a reason against the existence of the lien. The contract was not to be performed by a single act, and once for all; but performance was to extend indefinitely over a period, it might be, of many years, and was to consist of various acts besides the payment of money. What was required to be done was contingent and uncertain, depending upon future events impossible to be calculated or ascertained, and this uncertainty as to what was to be done would continue indefinitely. There was no lien, unless it existed from the beginning, at the time of the conveyance, and before any obligation had become defined, certain, and ascertainable. It certainly has not been generally supposed that the doctrine of vendor's lien extended to contracts of such a nature.

Order affirmed.