JOHN M. DODGE AND CALISTA DODGE v. CHARLES A. DODGE AND ELLA DODGE.

*Deed—Agreement for life-support—Failure of consideration— Accounting.*

1. A son and his wife, in consideration of the conveyance to the son by his father and mother of their homestead and personal property, signed an agreement for the life-support of the grantors. And it is held in a suit brought to cancel the deed and agreement, in which the wife is not shown to have ill-treated the grantors, that the agreement is one in which her rights cannot be separated from those of her husband so as to set aside the deed as to him alone.

2. The decree cancelling the deed and agreement is modified by allowing defendants the difference between the rental value of the land and the sum of the amounts paid for the complainants, and the taxes paid by defendants, and the board of the father, the mother having performed services sufficient to offset her board.

Appeal from Van Buren. (Buck, J.) Argued April 15, 1892. Decided June 10, 1892.

Bill to cancel a deed and agreement for life-support. Defendants appeal. Decree modified. The facts are stated in the opinion.

*Heckert & Chandler,* for complainants.

*Osborn & Mills,* for defendants.

MONTGOMERY, J. Complainants filed their bill in this cause, praying that a certain conveyance to defendants, dated June 7, 1884, and a life-lease or agreement by defendants to them of the same date, be canceled and annulled, basing their claim upon the ground—*First,* that the complainants were induced to execute the con-

veyance and accept the life-lease through the importuni-
ties and misrepresentations of the defendants; and,
*second,* that the defendants have forfeited their rights by
reason of their unkind and cruel conduct towards the
complainants.   The circuit judge decreed relief to com-
plainants, and found the fact to be that the complain-
ants had made out a case showing that the defendant
Charles A. Dodge had treated his parents in such an
unkind manner as to render it impossible for them to
continue to live in the defendants' home.

The agreements, when read together, indicate clearly
that the complainants never contemplated giving up their
home which they had erected for themselves, but that,
on the contrary, it was their intention to remain therein
while they lived, and that the agreement and arrange-
ment with the defendant and his wife was made with
that end, and so understood by the parties to the
arrangement.   It is undoubtedly true that the com-
plainants were at times exasperating in their conduct,
as found by the circuit judge, and yet we agree with
him that the defendant was more in fault than the com-
plainants.

It is suggested by the defendants that the defendant
Ella Dodge is not shown to have ill-treated the com-
plainants, and that as to her the deed of conveyance
ought not to be set aside.   But the agreement is one in
which her rights cannot be separated from those of her
co-defendant.   Both defendants signed the agreement by
which they undertook to furnish complainants and the
survivor of them, during their natural lives, a good and
comfortable home in the house then on the premises
conveyed, and furnish them good and proper clothing
and board, in accordance with their position in life, and
all reasonable and proper medical attendance and care in
sickness, all necessaries of life, etc.

It is further suggested that the parties having occupied the premises for nearly eight years, and the defendants having incurred considerable expense in improving the place, it is difficult to place the parties *in statu quo*. This is true, yet it is quite clear that, through the defendants' fault, the purposes for which the conveyances were made have not been met, and it would be alike inequitable to require the complainants longer to attempt to live in the defendants' family, or to compel them to seek relief by abandoning the home of their choice, which it was the clear intention of the parties, as expressed by their agreements, they should continue to occupy during their life-time. It is the defendants' wrong that has brought about the situation, and we think the circuit judge was right in the view that the contract should be rescinded upon equitable terms imposed upon the complainants.

The circuit judge, however, was of the opinion that the only items which should be considered in stating an account between the parties were the value of the personal property transferred by complainants to defendants on the one hand, and the debts of complainants paid by defendants and the value of improvements on the other side. This left a balance of $127.76 due to defendants, which the circuit judge decreed should be paid by complainants. The evidence shows, however, that up to the time of the taking of the testimony the defendants had paid to the complainant John M. Dodge, for his use, under the agreement, $261.77, and to Calista Dodge, for her use, $117.44, and the board of complainant John M. Dodge we are satisfied was worth $1.50 a week. The circuit judge found, and we think correctly, that complainant Calista Dodge performed services sufficient to offset her board. In addition to this, the defendants paid taxes amounting to $67.53, and the rental

value of the property for eight years was not, as the testimony shows, worth to exceed $960. We think, in addition to the amount allowed by the circuit judge, the defendants were entitled to the difference between the rental value and the sum of the amounts paid for the two complainants, and the taxes, and the board of complainant John M. Dodge at the rate stated.

The record will be remanded, with instructions to state an account upon this basis, and that a decree be entered setting aside the conveyance, upon payment to the defendants by the complainants, within sixty days from the date of the decree, of the amount found due.

The complainants are entitled to recover costs of the court below, and the defendants will be entitled to recover the costs of this Court.

MORSE, C. J., McGRATH and GRANT, JJ., concurred. LONG, J., did not sit.