HENRY DOESCHER v. CHARLES J. SPRATT and Others.[1]

June 10, 1895.

Nos. 9364—(98).

### Deed—Reservation of Lien.

A deed, whereby certain real estate was conveyed, contained, in accordance with an agreement between the parties which was the consideration for the deed, the following provision: "This grant is made upon the express condition that said August R. Doescher [the grantee] shall pay unto Henry Doescher and Helena Doescher [the grantors], or the survivor of them, the sum of $200 annually, on the first day of November in each and every year during their life." *Held*, that this provision did not create a condition subsequent, but that it did create a lien on the premises by reservation, which in its essential nature is similar to a purchase-price mortgage.

### Same—Record—Notice.

*Held*, that the record of the deed creating such lien was notice thereof to all subsequent purchasers and incumbrancers claiming through the deed.

[1] Reported in 63 N. W. 736.

Same—Foreclosure—Redemption—Res Judicata.

The plaintiff commenced a former action against his grantee to recover the instalments which became due by the terms of the contract on November 1, 1891, and prior years, and recovered a judgment therefor against him, which was adjudged to be a lien on the premises, and they were sold to pay the lien. The defendant Spratt was a party to such action, and redeemed the premises from such sale as owner. *Held*, that such former judgment is not a bar to an action to recover upon instalments subsequently becoming due on the contract, and to have the amount thereof adjudged a lien on the premises.

Appeal by defendants Charles J. Spratt and Frederick Loewe from a judgment of the district court for Le Sueur county, entered in pursuance of an order for judgment by Cadwell, J.    Affirmed.

*Thos. Hessian*, for appellants.

*Ora J. Parker*, for respondent.

STARK, C. J.    This is an appeal by the defendants Spratt and Loewe from a judgment of the district court in and for the county of Le Sueur.    There is no case or exceptions, and the question for review is whether the findings of fact by the trial court sustain its conclusions of law.

Briefly stated, the facts are that on October 3, 1871, the plaintiff was the owner of the premises in question in this case, and another tract of 40 acres, and agreed with the defendant Doescher to convey to him all of his land in consideration of such defendant's promise to pay to him and his wife, or to the survivor of them, the sum of $200 on November 1 of each year during their lives.    Pursuant to such agreement, the plaintiff, Henry Doescher, and his wife, on October 3, 1871, conveyed the whole of the land to August R. Doescher, by warranty deed, duly executed and recorded in the office of the register of deeds of the proper county on December 5, 1871. The deed contained the following provision:    "This grant is made upon the express condition that said August R. Doescher shall pay unto Henry Doescher and Helena Doretha Doescher (his wife), or to the survivor of them, the sum of two hundred dollars annually, on the 1st day of November in each year during their life, the first payment to be made November 1, 1872."    The wife of the plaintiff died before the commencement of this action.    The plaintiff released the 40 acres from any lien or claim he had thereon prior to March 5,

1886, and on that day the defendant August R. Doescher, to secure the payment of the sum of $3,000, executed and delivered to L. Quackenbush a mortgage, in the usual form, on the whole of the land so conveyed to the mortgagor, which was recorded, and afterwards assigned to the defendant Spratt, who became the purchaser of the premises at a sale on the foreclosure of his mortgage on August 24, 1891, and the owner thereof in August, 1892, no redemption having been made.

In the month of November, 1891, the plaintiff commenced an action against the defendants August R. Doescher, Spratt, and others, in the district court of the county of Le Sueur, to enforce payment of the amount then due to him on his agreement and deed to and with the defendant August R. Doescher; and the plaintiff recovered judgment against such defendant for the amount then due him, in the sum of $474.17, which was adjudged to be a lien on the premises conveyed by him to such defendant, except the 40 acres, and that they be sold to pay the lien.   What, if any, provisions were made in this judgment as to a lien for the payments to become due in the future the court does not state in its findings.   The premises were sold by virtue of this judgment to pay the lien, and Spratt, within the year, redeemed the premises from such sale.   On September 1, 1892, Spratt conveyed the premises to the defendant Loewe by warranty deed, taking from him a mortgage thereon to secure a part of the purchase price.   At the time Spratt and Loewe acquired their respective interests in the premises, neither of them had any notice of the claim of the defendant, except such as they were chargeable with by the record of the deed from the plaintiff to August R. Doescher.

The $200 due to the plaintiff by the terms of the agreement and deed, which became due on November 1, 1892, was not paid, and he brought this action to recover the amount, with interest, from the defendant August R. Doescher, and to have the same, with payments to become due in the future by virtue of such agreement, adjudged a lien on the premises not released by him, and that execution issue on the judgment to collect the amount due by a sale of the premises, or so much thereof as may be necessary to pay the same, with interest and costs, and that new executions issue to collect the payments to become due in each year by a sale of so much

of the premises as may be necessary to pay the same; and, further, to have such lien adjudged paramount to any interest or title of the defendants Spratt and Loewe, or either of them, in or to the premises. The trial court found as a conclusion of law that the plaintiff was entitled to the relief asked, and judgment was entered accordingly.

1. The main contention of appellants is that the clause in the deed which we have quoted created a condition subsequent, and not a lien on the land. There is no provision for re-entry in this deed. Such being the case, the clause will not be construed as a condition subsequent, but as creating a lien to secure the payment of the stipulated annuity, if the language is reasonably susceptible of such construction. Not only is the language used reasonably susceptible of this construction, but any other, in view of the agreement of the parties to the deed, would be a forced one; for clearly the deed is made to embody an informal mortgage or defeasance, and is thus prevented from becoming absolute so long as the annuity remains unpaid. If the deed had been absolute in terms, and a purchase-price mortgage taken by the plaintiff to secure the payment of the life annuity of $200, on November 1 in each year, the two instruments would have constituted one transaction, but instead of the two instruments the parties embodied the whole transaction in the deed. This clause creates a lien by reservation, and in its essential nature resembles a purchase-price mortgage, and since it was contained in the deed, and was recorded with it, was notice to all subsequent purchasers and incumbrancers deriving their title and lien through the deed. 3 Pomeroy, Eq. Jur. §§ 1255–1258. The appellants derive their title and claim through this deed, and are therefore chargeable with notice of its contents.

2. The release of the 40-acre tract before the appellants acquired any rights in or to any portion of the premises upon which the lien rested could not prejudice them, and it did not affect the plaintiff's lien upon the balance of the premises.

3. The appellants claim that the former judgment and sale was a bar. If there was no provision in the former judgment as to preserving the lien for the security of instalments of the annuity to become due in the future, and there had been no redemption of the premises by the owner, the lien would have been exhausted by the

sale.    But each instalment was a separate cause of action in favor
of the plaintiff against the defendant August R. Doescher, and the
recovery of a judgment for previous instalments would not be a
bar to actions to recover on future instalments as they became due.
The lien in the first case was satisfied by a sale of the premises, and
the sale was annulled by a redemption by the owner.    It never be-
came complete.    By the redemption, the lien adjudged and the sale
to pay it were extinguished, and the lien for the instalments to be-
come due, which were jeopardized by the sale, was then intact.
Standish v. Vosberg, 27 Minn. 175, 6 N. W. 489; Herber v. Christo-
pherson, 30 Minn. 395, 15 N. W. 676.    The cases cited arose under
foreclosures by advertisement, but there can be no difference in prin-
ciple between them and this case.    The lien and sale for the first
instalments were extinguished in each case.

4. The provision in the judgment for the issuing of executions to
compel payment of future instalments as they fall due was correct.

Judgment affirmed.