JOHN CHILDS v. JOHN J. RUE and Others.[1]

November 8, 1901.

Nos. 12,699—(74).

**Deed—Performance of Condition by Grantee.**

A warranty deed contained an agreement on the part of the grantee that, in consideration of the conveyance, he would pay a certain yearly amount to the grantors, and support and care for them during their lives. *Held,* that the deed did not become absolute until performance of the agreement, and that the grantors retained a lien or charge upon the land to secure such performance.

Action in the district court for Sibley county to have a certain warranty deed declared a mortgage and to foreclose the same. From an order, Cadwell, J., overruling a demurrer to the complaint, defendants appealed. Affirmed.

*J. O. Haugland,* for appellants.

*E. H. Huebner* and *Huebner & Quandt,* for respondent.

[1] Reported in 87 N. W. 918.

LEWIS, J.

James L. Maxson and wife, during their lifetime, executed and delivered to their son-in-law, Samuel Chase, a warranty deed to certain premises, the consideration of which was in the following language:

"The said parties of the first part, for and in consideration of the sum of one dollar, and other good and valuable considerations to them in hand paid by the party of the second part, the receipt whereof is hereby acknowledged, have granted    *    *    *    Said party of the second part, for himself, his heirs and assigns, hereby agrees, in consideration of this conveyance to him, to board the said grantors, and both of them, during their lives, and to clothe them as well as they have been accustomed to be clothed, and to give them such care and attendance as their welfare, care, and comfort may require during life, and provide and pay such medical attendance for them during life as may be necessary, and to take care of them and provide for them in all respects as a son should of a father, having respect to their condition and previous mode of life, and also to pay such first parties, and the survivor of them, during life, the sum of seventy ($70) dollars annually on the first day of November of each year, commencing on the first day of November, 1889."

After this conveyance to Chase, he first mortgaged and then deeded the property to the parties defendant claiming under such conveyances. Neither Chase nor his grantees complied with the considerations expressed in the deed by supporting the grantors and paying the stipulated amount. After the decease of the grantors, this action was brought by the administrator to charge the premises with the amount claimed to be due under the stipulations in the warranty deed. To this complaint defendants demurred upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendants appealed.

The demurrer is based upon the proposition that the language of the deed does not create a lien upon the land conveyed, and that the obligation stated as a part of the consideration was merely a personal liability of the grantee. This case is controlled by the case of Doescher v. Spratt, 61 Minn. 326, 63 N. W. 736. In that case the provision in the deed was as follows:

"This grant is made upon the express condition that said August R. Doescher shall pay unto Henry Doescher and Helena Doretha Doescher, his wife, or to the survivor of them, the sum of $200 annually, on the first day of November in each year, during their life, the first payment to be made November 1, 1872."

It was there held that this language created a lien upon the premises conveyed to secure the payment of the stipulated annuity.

There is no essential difference between the clause construed in that case and the one now before us. There the grant was made upon the express condition that the annuity would be paid. Here the party agreed, in consideration of the conveyance, to perform certain things. From this document it appears that it was the intention of the parties to make the transfer of the premises to the grantee absolute only when the conditions contained therein should be performed, and that there should be reserved to the grantors a lien or charge upon the land for the purpose of securing the performance of those conditions. As held in Doescher v. Spratt, supra, it was not necessary that an independent instrument be executed in the form of a mortgage. The transfer of the property and the defeasance could be embodied in one instrument, and, such being the case, the instrument recorded carried notice of its contents to all subsequent purchasers.

Order affirmed.