CHARLES T. RANDALL *vs.* AUSTIN WENTWORTH.

Waldo.   Opinion April 12, 1905.

*Deed.   Condition Subsequent.   Failure to Comply.   Forfeiture.*

The defendant acquired title to the demanded premises by a deed from the demandant which contained this clause : "The above named Association (the grantee) to erect and maintain a fence around the remainder of the lot, of which the above mentioned ten acres is a part, and lying between said Association track and the County road, said Association or their successors failing to erect and maintain a suitable fence this instrument becomes null and void."

*Held ;* that this clause constituted a condition subsequent, and that upon the failure of the grantee to comply with the condition, its title was forfeited and the demandant had the right to make an entry upon the premises for the purpose of revesting himself with the estate.

*Held ;* also, that the case shows that the defendant has failed to comply with the terms of this condition subsequent, and that the plaintiff, prior to the commencement of this action, made an entry upon the premises for the purpose of revesting himself with the estate, and that he is consequently entitled to a judgment in his favor.

On report.   Judgment for defendant.

Real action to recover possession of certain land situated in Montville, Waldo County.   Plea, the general issue with a brief

statement alleging " that the title to the land described in the plaintiff's writ and declaration is and was at the date of said plaintiff's writ in the West Waldo Agricultural Society, a corporation duly established by the laws of Maine, and not in the plaintiff, and that the possession and right of possession was at said time in said West Waldo Agricultural Society, and not in the plaintiff, and that whatever said defendant has done in the premises has been as an officer and servant of said Association." Evidence reported to the Law Court by agreement, with the stipulation that the case is "to be determined in accordance with the rights of the parties."

The case is sufficiently stated in the opinion.

*R. F. Dunton,* for plaintiff.

*W. P. Thompson,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WISWELL, C. J. This is a real action. The demanded premises at one time belonged to the demandant. On October 17, 1887, he conveyed the same to the George's River Trotting Park Association, the name of which Association was subsequently changed to the West Waldo Agricultural Society. The defendant's plea is the general issue, with a brief statement in which he justifies his possession as an officer and agent of the West Waldo Agricultural Society. That corporation has title to the demanded premises unless its estate has been forfeited by its failure to comply with the following condition contained in the deed from the demandant to it, under its previous name: "The above named Association to erect and maintain a fence around the remainder of the lot, of which the above mentioned ten acres was a part, and lying between said Association's track and the county road, said Association or their successors failing to erect and maintain a suitable fence this instrument becomes null and void."

This clause constituted a condition subsequent. Upon the failure of the grantee or its successors to comply with the condition, the title of the grantee was forfeited and the demandant had the right

to make an entry upon the premises for the purpose of revesting himself with the estate. There is no serious question but that the Agricultural Society has failed to perform this condition. It originally built a fence as required thereby, but has not maintained it. The Association held its last fair upon its grounds, including the demanded premises, in 1897 and has not occupied the grounds since. From 1898 until the time that the plaintiff took possession in January, 1903, this fence has not been maintained as required by the condition. Although the necessity for the maintenance of the fence provided for in the condition may not have been so great since as during the period of time that fairs were held upon the Association's grounds, necessity for this or any other reason was not made a limit upon the duty of the Association to maintain the fence, and it does not affect the respective rights of the parties. There is no evidence from which any waiver upon the part of the demandant could be implied. Upon the contrary, the evidence shows that the demandant insisted upon a compliance with the condition, and so notified an officer of the Association in writing some three months before making a re-entry upon the premises.

The demandant therefore had the right to make an entry upon the premises for the purpose of revesting himself with the title as a prerequisite to the maintenance of an action for possession. Before the commencement of this action the plaintiff made an entry upon the premises for this purpose, sufficient in act and intent for the purpose. He is consequently entitled to a judgment in his favor.

*Judgment for Demandant.*