MINNEAPOLIS THRESHING MACHINE COMPANY v. CHRIST R. HANSON and Others.[1]

June 7, 1907.

Nos. 15,114—(109).

**Deed—Condition Subsequent—Mortgage.**

A deed contained a provision that as part of the consideration the grantee agreed to pay to the grantor a certain sum semiannually as long as the grantor lived, and that, if the grantee failed to make the payments, "then this instrument to be null and void." *Held*, that this provision created a condition subsequent, upon the breach of which the title revested in the grantor, free from the lien of a mortgage which had been placed upon the land by a grantee while in possession.

**Redemption by Mortgagee.**

Under the circumstances disclosed by this record the mortgagee has no equities which entitle it to the right, after default in the payments and re-entry by the grantor, to have its mortgage lien established upon payment of the payments past due, or an amount which would become due in the future during the natural life of the grantor, to be determined from the mortality tables.

Action in the district court for Cottonwood county to foreclose a mortgage and for other relief. The case was tried before P. E. Brown, J., who found that the only relief to which plaintiff was entitled was a judgment against defendant C. R. Hanson for $1,675. From an order denying a motion for a new trial plaintiff appealed. Affirmed.

*Kerr & Fowler*, for appellant.

*Stuart & Finstad* and *Frank Clague*, for respondent.

ELLIOTT, J.

In October, 1899, Synnove Newhouse conveyed eighty acres of land by warranty deed to R. J. Hanson. In this deed the express consideration was $500, and also the following agreement:

As a further consideration for the conveying said premises above described to the party of the second part by the party of the first part the said party of the second part agrees to pay

[1]Reported in 112 N. W. 217.

party of the first part the sum of $225 a year during each and every year so long as said party of the first part may live; * * * the sum of $112.50 thereof to be paid April 1st of each year, and the sum of $112.50 thereof to be paid October 1st of each year. And it is expressly understood and agreed that, provided said party of the second part fails to make said payments as herein mentioned, then this instrument shall be null and void; but, if said payments are made as herein provided, it shall be of full force and effect.

Thereafter R. J. Hanson and wife conveyed the land to Christ Hanson for a consideration of one dollar and a further agreement by the grantee to pay Newhouse the sum of $225 a year in semiannual instalments, with a provision

That if said second party fails to make each and every of said payments as hereinbefore mentioned and provided then this instrument shall be null and void.

Christ Hanson went into possession of the land under this deed, and while in such possession mortgaged it to the Minneapolis Threshing Machine Company, the appellant, to secure his debt of $1,675. In March, 1905, Hanson, having defaulted in the payments, surrendered possession of the land to Newhouse, who then re-entered for the purpose of revesting herself with her former estate therein. In this action to foreclose the mortgage the court held that the condition as to future payment created a condition subsequent, and that the plaintiff had no interest in the land, and could not, as against Newhouse, foreclose its mortgage. The appeal is from an order denying a motion for a new trial.

The appellant admits that there was a default in making the payments to Newhouse, but contends that it had a valid mortgage on the land, and that its interest could not be divested by the surrender by Hanson of the possession to Newhouse; that the condition in the deed should not be construed as a strict condition subsequent; and that it should be permitted to perform the condition by payment of the present value of the annual payments as estimated from the annuity tables. In Doescher v. Spratt, 61 Minn. 326, 63 N. W. 736, the deed contained

the following provision: "This grant is made upon the express condition that said August R. Doescher [the grantee] shall pay unto Henry Doescher and Helena Doescher [the grantors], or the survivor of them, the sum of $200 annually on the first day of November in each and every year in their life." It was held that this did not create a condition subsequent, but that by reservation it created a lien on the premises which was similar to a purchase-money mortgage. The deed contained no provision for re-entry, and in its absence the court refused to construe the provision as creating a condition subsequent. In the present case the provision contains an express statement that the deed shall become null and void in the event of failure to make the payments as therein provided. While conditions subsequent which result in a forfeiture upon failure to perform are not favored, and are strictly construed, they must be upheld, when clearly expressed and not impossible of performance. Hamel v. Minneapolis, St. P. & Sault Ste. M. Ry. Co., 97 Minn. 334, 107 N. W. 139; Farnham v. Thompson, 34 Minn. 330, 337, 26 N. W. 9, 57 Am. 59; Thrall v. Spear, 63 Vt. 266, 22 Atl. 414; Randall v. Wentworth, 100 Me. 177, 60 Atl. 871. But courts do not favor forfeitures, and if parties intend to create a condition subsequent, the breach of which will result in a forfeiture, they must use language which clearly expresses such intention. In Doescher v. Spratt there was no provision for re-entry, and it was held that in the absence of such a provision the language used showed an intention to reserve a lien. But in the present case the deed declares that a failure to make the payments will make the deed null and void, and this as clearly expresses the intention of the parties as would a provision for re-entry. The trial court correctly held that this was a condition subsequent, upon the breach of which the grantor was entitled to the possession of the land.

The appellant further contends that it should be allowed its lien upon the land upon making compensation to Mrs. Newhouse. It prays that

> The amount to become due to the said Synnove Newhouse under the terms and conditions of said conveyance, superior and prior to the plaintiff's said mortgage, and that the amount now due and unpaid (if anything), and the amount to become due to the said Synnove Newhouse during the term of her natural life,

be determined in accordance with the experience tables of mortality; that upon the determination of such amount the plaintiff be permitted to pay the same to the said Synnove Newhouse; and that thereupon the plaintiff be subrogated to all the rights of said Synnove Newhouse to the said lien so held by her by virtue of the terms of said deed.

We fail to see why the appellant is entitled to require Mrs. Newhouse to modify her contract with Hanson. The appellant, as mortgagee, is asking for something to which the grantee in the deed would not have been entitled in a court of equity. It is not necessary to say that equity can give no relief from the consequences of a breach of a condition subsequent. The appellant has shown no equities which entitle it to such relief in this case. The deed called for certain payments to be made promptly at stated intervals during the lifetime of the grantor. The grantor has done nothing which gives rise to any equity in favor of the appellant. Her rights are determined by the deed. The grantee of the original grantee attempted to mortgage the land, and the mortgagee took the mortgage with full knowledge of the condition It was not misled as to the fact, and no excuse is even suggested for the failure to make the payments when they were due.

The order of the district court is affirmed.