JOHANNA JOHNSON v. JOHN PAULSON and Another.[1]

January 24, 1908.

Nos. 15,343—(52).

**Deed—Failure to Perform Condition.**

Respondent and her husband conveyed real estate to their daughter and her husband by a warranty deed which contained the condition that the conveyance was not to become absolute until the death of the grantors, and then only upon condition that the grantees, their heirs and assigns, furnish the grantors during the remainder of their lives with room, food, clothing, and fuel, and all necessaries of life proper to their station in life. *Held*, in an action brought by respondent, after her husband's death, to have the deed cancelled for noncompliance with the condition, the court was justified in finding that there was a substantial failure on

[1] Reported in 114 N. W. 739.

the part of appellants to comply with the condition, and in the exercise of its equity powers was justified in ordering judgment that respondent be adjudged to be the owner of the premises, with the right of possession upon payment to the grantees of an amount sufficient to reimburse them for expense incurred in making improvements on the premises.

Action in the district court for St. Louis county to cancel a deed for failure to comply with its conditions. The case was tried before Dibell, J., who found as conclusion of law that upon payment to defendants of $240 the deed be cancelled, and that plaintiff's costs and disbursements be set off against the $240. From the judgment entered thereon, defendants appealed. Affirmed.

*Jno. Jenswold, Jr.,* and *John Heitmann,* for appellants.

*C. E. Adams,* for respondent.

LEWIS, J.

Respondent, Johanna Johnson and her husband, executed and delivered to their daughter, Anna Paulson, and her husband, John Paulson, appellants, a warranty deed, dated January 2, 1904, conveying their homestead in St. Louis county, consisting of forty acres of land. The deed contained the following provision:

> Witnesseth, that the said parties of the first part, in consideration of the sum of one dollar and other considerations, to them in hand paid by the said parties of the second part, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell, and convey unto said parties of the second part, their heirs and assigns, forever, all that tract or parcel of land lying and being in the county of St. Louis and State of Minnesota, described as follows, to wit: * * * This conveyance is not to become absolute until the death of said parties of the first part, and then only on the following conditions: First. That said parties of the second part, their heirs and assigns, furnish room, food, clothes, fuel, and all necessaries of life to said parties of the first part, proper to their station in life, during their remaining life. * * *

The grantees further agreed to pay all taxes, and to furnish the grantors, until their death, feed for one cow, as much land as might

be required for the planting of three bushels of potatoes yearly, and to prepare the ground and plant the same, and that the grantors should also have the right to keep and feed, at their own expense, a certain number of chickens and to prepare and serve their own food. Andrew Johnson died April 16, 1905, and respondent, his wife, brought this action to cancel and rescind the deed of conveyance, and to secure an adjudication to the effect that she was the owner and entitled to possession of the premises, and that appellants had no right, title, and interest therein. The complaint alleged that the premises were worth $1,500; that appellants procured 'the execution and delivery of the deed under false representations that they would care for the grantors as expressed in the deed; that, relying on such representations, the grantors executed the deed and the grantees took possession of the property, but thereafter treated the grantors unkindly, neglected and abused them, and in all respects failed to comply with the conditions of the contract.

The court found that after the execution of the deed the grantees took possession of the premises, and until Andrew Johnson's death failed and neglected to furnish the grantors with the necessaries of life as contemplated and provided by the terms of the deed; "that said defendants have failed and refused to furnish said plaintiff with proper room, food, clothing, fuel, and other necessaries of life; that said defendants have been unkind to said plaintiff, and that by reason of such treatment and the disposition and feeling which they now maintain towards the plaintiff, and the plaintiff towards them, it is improper and unfit that plaintiff should live upon the premises with the defendants, as it was contemplated by the aforesaid deed of conveyance that she should, and by their conduct said defendants have rendered it impossible to carry out the provisions and conditions of the aforesaid conveyance; that said plaintiff lived with said defendants upon the aforesaid premises until on or about the first of January, 1906, when she left the same because of the aforesaid faults and neglects of said defendants."

The court found that appellants had occupied and used the premises and property during all of the time up to the trial; that they used the wood and timber thereon, and the annual produce of the soil;

that they made certain improvements in the way of fences, clearing, and breaking the ground; that they paid the taxes; and "that the value of the improvements made by them, together with all moneys paid out by them, amounts to the sum of $240 over and above the value of the support that they should have given to said plaintiff but failed to give her; and that said defendants will be placed in substantially as good a condition as they were before receiving said deed if they are paid the sum of $240 as a condition to the cancellation of said deed." Judgment was ordered that, upon payment by respondent to appellants of the sum of $240 within a certain time, the deed be cancelled and respondent adjudged to be the owner and entitled to possession of the property.

Appellants argue that the case is controlled by Doescher v. Spratt, 61 Minn. 326, 63 N. W. 736, and Childs v. Rue, 84 Minn. 323, 87 N. W. 918; that the condition in the deed was not a condition subsequent, such as authorized the grantors to re-enter upon a breach thereof, and which justified the court in summarily cancelling the deed; that at most, according to the evidence, there was only a partial failure to comply with the contract; and that, if respondent was entitled to any relief, the court was not authorized to do more than determine the damages and adjudge the same to be a lien on the premises, or at least to define wherein appellants had failed to comply with their contract and give them reasonable time within which so to do.

In Doescher v. Spratt the court held that the provision in the deed that the grantee should pay a stipulated annuity until the death of the grantors was equivalent to the execution of a separate mortgage by the grantees, and was similar to a purchase-price mortgage. In Childs v. Rue the rule applied in Doescher v. Spratt was extended, although in the latter case, in addition to paying a certain annual sum during the life of the grantors, the grantee also and as a part of the consideration agreed to board, clothe, and care for the grantors in accordance with their station in life. In each of those cases the plaintiff sought no other relief than that the amount be determined by the court and be adjudged a lien on the premises. It should not be understood, however, that no other relief was possible, at least in Childs v. Rue. In Minneapolis Threshing Machine Company v. Han-

son, 101 Minn. 260, 112 N. W. 217, reference was made to the fact that in Doescher v. Spratt the deed contained no provision for a re-entry by the grantor; but that distinction was not necessary to the decision, for a condition subsequent may be created without an express provision for re-entry provided it is clear from the contract that such was the intention.

Whether such contracts are conditions subsequent, and will be strictly enforced by a court of equity, depends upon the intention of the parties, as gathered from the entire contract, and upon the extent of performance by the grantees. The courts have treated this class of cases from somewhat different standpoints; but all of them, without exception, have endeavored to protect the rights of the grantors.

The following language taken from Bogie v. Bogie, 41 Wis. 209, 219, is often referred to in the books: "Conveyances of property by aged and infirm people to their children, in consideration of promised support and maintenance, are somewhat peculiar in their character and incidents, and must sometimes be dealt with by the courts on principles not applicable to ordinary conveyances. A person incapacitated by the infirmities of age for active pursuits naturally feels a strong desire to place the fruits of his industry and enterprise where they will secure to him during the remnant of his life a suitable and proper maintenance, without further care or labor on his part. One thus situated also naturally prefers to convey his property to his child for that purpose, and that his child and not a stranger should assume the obligation to maintain him. Paternal affection thus prompts him, and he relies upon the filial affection of his child for the faithful and cheerful performance of the obligation. * * * Such a transaction on the part of the father is prompted often by necessity—always by affection for and trust in the son to whom he has transferred his means of support." Sometimes a court of equity will set aside such a deed upon the ground of failure of consideration; but in cases where that principle is invoked it must clearly appear that the defendant has failed and refused to comply with the conditions upon which the property was conveyed. Patterson v. Patterson, 81 Iowa, 626, 47 N. W. 768; Lowman v. Crawford, 99 Va. 688, 40 S. E. 17.

In Oard v. Oard, 59 Ill. 46, a contract of this character was rescind-

ed by a court of equity upon the ground that the omission of the son to carry out the terms of the agreement was so flagrant that the court assumed the conveyance had been procured with fraudulent intent. See, also, to the same effect, Kusch v. Kusch, 143 Ill. 353, 32 N. E. 267; McClelland v. McClelland, 176 Ill. 83, 51 N. E. 559, where the Illinois authorities are reviewed; Fabrice v. Von der Brelie, 190 Ill. 460, 60 N. E. 835. In Pittenger v. Pittenger, 208 Ill. 582, 70 N. E. 699, it was held that substantial nonperformance was necessary to avoid a deed made in consideration of support. In Thomas v. Record, 47 Me. 500, 74 Am. Dec. 500, the condition in the deed was: I give the said Samuel T. Record (grantee) this deed on the following conditions, to wit: That the grantee should support the grantor and his wife during their natural life, and treat them with kindness, and in all respects conduct himself towards them as is the duty of a son to his parents. The court held that it was a condition subsequent, and that the grantor might enter and take advantage of a failure to perform the condition, even though there was no clause of re-entry in the deed. To the same effect, see Cree v. Sherfy, 138 Ind. 354, 37 N. E. 787.

In Bogie v. Bogie, supra, there was a deed of conveyance and a separate contract under seal by which the grantee agreed to support the grantor, and the court held, construing the two instruments together, that they did not constitute a condition subsequent which worked a forfeiture of the title, but that under its general equity powers a court of equity might rescind such conveyances and contracts in order to prevent a fraud upon the grantor. The same court, however, in the case of Drew v. Baldwin, 48 Wis. 529, 4 N. W. 576, held that a deed containing the same condition as the one now under consideration constituted a condition subsequent, which entitled the grantor to take possession, although no express words authorizing re-entry were contained in the deed. In Glocke v. Glocke, 113 Wis. 303, 89 N. W. 118, 57 L. R. A. 458, the Wisconsin cases are fully reviewed, and the conclusion reached that an erroneous rule of law was applied in Bogie v. Bogie, supra, and that the exercise of the equity powers of the court were justified only upon the ground that the contract embraced a condition subsequent.

It will thus be noticed that this particular class of cases is somewhat unique in equity jurisprudence. Where parents impose confidence in their children, and have conveyed their property to them, relying upon their natural affection to care for and maintain them during the rest of their lives, the courts have attempted to give full effect to the conditions imposed in the grant, and have held the grantees strictly to account. Proper compensation for the breach of such a duty cannot be conferred in money or property, and restoration of the property conveyed may be the only adequate remedy. Under some circumstances, when it is apparent that the grantees have, at least to some extent, attempted to carry out the spirit and terms of the agreement, such radical treatment may not be just. In such cases the grantees may be permitted, upon proper terms, to comply with the conditions, or to make compensation in damages and retain the premises.

In reviewing the evidence in the case before us, we find that appellants contributed to some extent towards the maintenance of the grantors, provided them house room, and permitted them to use a part of the premises; but the finding of the court is sustained that there was an utter failure to treat the plaintiff with that degree of affection and care contemplated by the parties when the conveyance was made. The friction between the parties had become so apparent and deep-rooted that it seemed to the court impossible for them to carry out the spirit of the contract. Under such circumstances the trial court was justified in requiring appellants to surrender possession of the premises upon payment to them by respondent of an amount which would reimburse them for the improvements made. It does not occur to us that it is very important whether or not the condition imposed in the deed was strictly a condition subsequent. Under many of the authorities it would be so classified. So treating it, respondent was entitled to declare the contract forfeited, and call upon the court to judicially establish her title and right of possession. The trial court, however, was more lenient to appellants, and granted them a favor not strictly theirs of right, and they have no reason to complain of the result.

Affirmed.