CAROLINE BRUER v. LOUIS BRUER and Another[1].

December 10, 1909.

Nos. 16,319—(90).

**Cancellation of Deed — Breach of Agreement to Support Parent.**
    A parent, who conveys real property to his son in consideration of the son's agreement to support and maintain the parent during the remainder of

[1]Reported in 123 N. W. 813.

his life, whether the agreement of support constitutes a condition subsequent or not, may for a breach of the agreement, in a proper action, have the deed or conveyance canceled or set aside, or the amount due under the agreement made a charge or lien against the land, or such other relief as the equities between the parties, as shown by the evidence, may justify.

**Complaint Good against Demurrer.**

Complaint *held* to state a cause of action for the relief proper to be granted in such an action.

Action in the district court for Nicollet county against Louis Bruer and his wife Bertha to cancel a certain warranty deed from plaintiff and her husband to defendant Louis Bruer, to declare plaintiff the owner of the premises, and for such other relief as should seem proper to the court. The complaint alleged that the premises conveyed were the homestead of plaintiff and her husband; that the agreement set forth in the opinion was the sole consideration for the execution of the deed; that defendant had forcibly ejected plaintiff from the dwelling house on said premises; that she could not live with him, and that since September 15, 1908, defendant had wholly failed to comply with any of the terms of his agreement. Defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. From an order overruling their demurrer, Olsen, J., defendants appealed. Affirmed.

*Davis & Olsen,* for appellants.

*Somerville & Hauser,* for respondent.

BROWN, J.

It appears from the complaint in this action that on the seventeenth day of February, 1893, plaintiff's husband was the owner of certain land in Nicollet county, of the value of $4,500, which then, and for many years prior, had constituted the family homestead; that on the date stated plaintiff and her husband, being then well advanced in years, and desirous of making such disposition of the property as would secure to them sufficient support and maintenance in health and sickness during the remainder of their lives, and whereby they might be relieved of the care and responsibility in connection with the operation of the farm, entered into an agreement

with Louis Bruer, their son, whereby they by warranty deed conveyed the property to said son in consideration of a contemporaneous execution by him of an agreement for their support for the remainder of their lives. This agreement was in the following form and language, viz.:

"Know all men by these presents, that I, Louis Bruer, of the town of Courtland, in the county of Nicollet and state of Minnesota, am held and firmly bound unto Caroline and Henry Bruer, her husband, of the same place, in the sum of two thousand dollars, lawful money of the United States, to be paid to the said Caroline Bruer and Henry Bruer, her husband, or the survivor thereof, their heirs, executors, administrators or assigns, for which payment, well and truly to be made, I bind myself, my heirs, executors and administrators, jointly and severally, firmly by these presents.

"Sealed with my seal, and dated this seventeenth day of February, A. D. 1893.

"The condition of the above obligation is such that, whereas, the said Caroline Bruer and Henry Bruer, her husband, have this day granted, bargained, sold, and conveyed to said Louis Bruer certain valuable pieces of real property, situate in said Nicollet county; and whereas, the said Louis Bruer in consideration of said conveyance covenanted and agreed to and with said Caroline Bruer and Henry Bruer, her husband, to keep and maintain them, the said Caroline Bruer and Henry Bruer, during their natural lives, and the survivor thereof during his or her natural life, in suitable lodging, board and clothing and necessary firewood, dried, cut and split, in suitable size for the stove, all his own expense [sic] and free from any charges to said Caroline or Henry Bruer, this at his own residence in said county of Nicollet, if possible, and that, in case they could not agree to live peaceably together in the same house, then in that case, at the request of said Caroline Bruer, he, the said Louis Bruer, should and would build a suitable dwelling for them to live in, on his premises, and furnish them with suitable food, clothing and firewood, as above mentioned; and whereas, the said Louis Bruer further covenanted and agreed, consideration of said conveyance, to pay annually and each and every year during her natural life to said

Caroline Bruer the sum of fifty dollars in lawful money of the United States, the first payment thereof to be made on the first day of December, A. D. 1893, and annually thereafter on or before each succeeding first day of December, and it being further covenanted and agreed, between the parties above named, that in the case of the death of said Louis Bruer before the death of said Caroline Bruer, that she, the said Caroline Bruer, shall be entitled to claim and receive from the estate of said Louis Bruer the sum of one thousand dollars in lieu of and in payment in full of the annuities hereinbefore mentioned to be delivered to her and her husband in full satisfaction of this bond:

"Now, therefore, if the above bounden Louis Bruer shall well and truly perform all the obligations and make all the payments at such time and times as he hereinbefore to perform the same [sic] and make payment thereof, then this obligation to be null and void; otherwise, to remain in full force and virtue.

"Witness my hand and seal, and dated, this seventeenth day of February, 1893."

This contract and agreement on the part of the son constituted the sole and only consideration for the conveyance of the property to him. Defendant Bertha Bruer is the wife of defendant Louis Bruer. Soon after the execution of these instruments, plaintiff's husband died. The complaint alleges that defendant has failed and refused to comply with his agreement in many substantial respects, which are particularly enumerated therein. The prayer for relief is that the deed, together with the record thereof, be canceled and declared null and void, and that plaintiff have such other or further relief as the court may deem proper and just. Defendants joined in a general demurrer to the complaint, and appealed from an order overruling it.

As we understand the facts as pleaded, the conveyance to defendant was in the ordinary form of a warranty deed, containing no exceptions or reservations respecting the estate conveyed, and it passed to defendant the unconditional title to the property. The agreement of support, a separate contract, though a part of the same transaction, and the sole consideration of the deed, in no way limits the

operation and effect of the deed, nor does it, expressly or otherwise, declare that a failure to comply with its provisions shall work a forfeiture of the title or other rights acquired by the conveyance. In view of this situation, it is the contention of defendants that, conceding the breach of the contract, plaintiff is not entitled to the relief demanded, viz., cancellation of the deed, but is limited to an action for such damages as have resulted to her from defendants' failure to perform.

It is elementary that forfeitures are not favored, and that conditions in a conveyance of real property, a breach of which by the terms of the deed work a forfeiture of the estate, are construed strictly against the grantor, and if doubt arises from the language of the instrument whether a forfeiture or reversion of the estate was intended, it will be resolved in favor of the grantee, and the grantor put to his remedy by an action for damages; but where clearly expressed, and free from doubt, a forfeiture will be declared by the court in all cases where a breach of the conditions is shown. Minneapolis Threshing Machine Co. v. Hanson, 101 Minn. 260, 112 N. W. 217, 118 Am. St. 623; Hamel v. Minneapolis, St. P. & S. S. M. Ry. Co., 97 Minn. 334, 107 N. W. 139.

What particular provisions in a conveyance constitute conditions subsequent, as distinguished from mere covenants, the breach of which will work a forfeiture, is a subject upon which the courts are not in entire harmony. In ordinary transactions of the kind, an unconditional sale and conveyance of the property upon the promise and agreement of the grantee to pay the purchase price at some stated time in the future, or to do some other act or thing in consideration of the conveyance, where there is no express provision for re-entry, or forfeiture for a failure to perform, a forfeiture will not be declared by the court, and the remedy of the grantor is an action for damages. This rule or principle is invoked by defendants, and it must be applied, unless the particular class of contracts of which the one under consideration is a member is for some reason removed from its operation.

Contracts and agreements of the kind are quite familiar to the courts. They are, as a rule, made by people well along in years with

a child or other relative, and are intended to secure to the old people proper and suitable support and maintenance during their declining years, at the same time relieving them of the care and responsibility incident to the management of their affairs. They part with their property in the expectation and belief that their future necessities and comforts are fully provided for, and in an abiding faith that natural affection and filial duty will prompt and secure a faithful discharge of the obligations assumed by the child to whom they convey. There is in such transactions an element of confidence reposed by the old people in their grantee, sacred in its nature, a breach of which, and retention of the benefits, no court should tolerate by a refinement upon technical rules and principles of law. By the modern trend of authority these transactions are placed in a class by themselves, and enforced without reference to the form or phraseology of the writing by which they are expressed, or whether by the strict letter of the law a forfeiture of the estate is expressly provided for.

The Wisconsin supreme court recently has taken a broad view of such contracts, and laid down a rule which commends itself as fair and equitable, and results in effectuating the intention of the parties to the transaction. The agreement of support, whatever its form, is construed by that court as a condition subsequent, and not a mere covenant. Glocke v. Glocke, 113 Wis. 303, 89 N. W. 118, 57 L. R. A. 458. Other states apply substantially the same rule of construction, or at least afford relief commensurate with the peculiar nature and purposes of such contracts. Leach v. Leach, 4 Ind. 628, 58 Am. Dec. 642; Richter v. Richter, 111 Ind. 456, 12 N. E. 698; Patterson v. Patterson, 81 Iowa, 626, 47 N. W. 768; Dodge v. Dodge, 92 Mich. 109, 52 N. W. 296; Reeder v. Reeder, 89 Ky. 529, 12 S. W. 1063; Stebbins v. Petty, 209 Ill. 291, 70 N. E. 673, 101 Am. St. 243.

The question, on facts like those in the case at bar, has never before come squarely before this court. Peters v. Tunell, 43 Minn. 473, 45 N. W. 867, 19 Am. St. 252, though somewhat similar in its facts, did not involve the question whether the agreement of support was a condition subsequent, a breach of which would work a forfei-

ture of the title conveyed. That was an action to recover the purchase price of the property, both real and personal, conveyed to a son, and to enforce the same against the land as a vendor's lien. This the court held could not be done. The questions whether the agreement of support amounted to a condition subsequent, or whether plaintiff could have a forfeiture declared for a breach thereof, were not presented or argued by plaintiff's counsel, and the remark of the court, in the first paragraph of the opinion, that such relief could not be granted, was not necessary to a decision of the question presented, and therefore not of binding force. In so far as the court there held that the plaintiff had no remedy by way of enforcing his claim as a lien against the land, the case would seem to have been in effect overruled by Doescher v. Spratt, 61 Minn. 326, 63 N. W. 736, and Childs v. Rue, 84 Minn. 323, 87 N. W. 918, though the case was not referred to in either opinion. The opposite conclusion was reached in both those cases, and this notwithstanding the fact that the deed containing the agreement for support did not provide a forfeiture for a breach of the conditions, or in any manner make the claim for support a charge upon the land.

In Minneapolis Threshing Machine Co. v. Hanson, supra, the agreement was embodied in the deed, in connection with the express stipulation that, if the grantee failed to comply with it, the deed should be null and void. This was held a condition subsequent. Such were in effect the terms of the deed involved in Johnson v. Paulson, 103 Minn. 158, 114 N. W. 739, where the same conclusion was reached, with a qualification that a failure of performance would not necessarily require a decree of forfeiture of title, but that the particular relief to be granted would depend upon the nature and extent of the grantee's delinquency, and all the equities between the parties as disclosed by the evidence. The case of Ebert v. Gildemeister, 106 Minn. 83, 118 N. W. 155, involved only the sufficiency of the evidence to support a judgment of forfeiture there declared, unless defendant should comply with its mandate and make certain money payments within the time specified therein. In Pinger v. Pinger, 40 Minn. 417, 42 N. W. 289, there appears to have been a failure of the grantee, after procuring a deed from his parent, to

enter into the contract of support, and the effect of such an agreement was not passed upon.

So far as our research has extended, these are the only cases in which contracts of this character have been before this court, and, as pointed out, none of them are precisely like that at bar. In Doescher v. Spratt and Childs v. Rue, supra, the stipulation of support appeared in the body of the conveyance, and did not amount to a condition subsequent, yet the court held that equity would afford appropriate relief. In the case at bar the agreement of support is contained in a separate instrument, and in the form of a bond in the penal sum of $2,000, conditioned for the payment of that amount in the event defendant failed to perform his agreement. In this respect the case is similar to Glocke v. Glocke, supra, where the grantee secured his agreement of support by a mortgage upon the property conveyed to him, yet the supreme court of Wisconsin held the agreement a condition subsequent and enforced it.

In view of the decisions of this court in the cases referred to, and the general trend of judicial opinion elsewhere (Abbott v. Sanders, 80 Vt. 179, 66 Atl. 1032, 13 L. R. A. [N. S.] 725), we are of opinion, and so hold, that the form of agreement of support is unimportant. Its effect is in no way changed, whether it appear in the body of the conveyance, or in a separate instrument by way of bond or mortgage; and, as it appears in this case the defendant had failed and refused to carry out the conditions of his agreement, plaintiff is entitled to such relief as the evidence may, on trial, show her entitled to. We cannot hold, in view of prior decisions, that the agreement constituted a condition subsequent, entitling plaintiff to a return of the land; but, as remarked in the Johnson case, the court may grant such relief as the facts will in equity and good conscience justify. For this relief the complaint is sufficient, and contains all necessary and essential allegations.

Order affirmed.