ANTONI SOVELL v. FIRST NATIONAL BANK OF IVANHOE.[1]

May 28, 1926.

No. 25,224.

**When stranger to contract whose rights subsequently attached cannot set up want of consideration.**

1. Where a new contract merges a previous one but contains new terms, a stranger to the contract whose rights subsequently attach to the subject matter cannot attack the new terms for want of consideration.

[1]Reported in 209 N. W. 22.

**Forfeiture properly declared where parents' deed to son created condition subsequent.**

2. A deed from parents to son and the attendant contract required of the son a cash payment and relatively small annual payments during the lives of the parents and the survivor of them. They provided for cancelation and repossession by the parents. *Held* to create a condition subsequent so that for default in the annual payments a forfeiture was properly declared.

Appeal and Error, 4 C. J. p. 535 n. 8; p. 777 n. 69.
Deeds, 18 C. J. p. 370 n. 99.
Vendor and Purchaser, 39 Cyc. p. 1345 n. 24; p. 1347 n. 34; p. 1350 n. 73; p. 1351 n. 82 New; p. 1352 n. 3.

---

See notes in 43 L. R. A. (N. S.) 916; L. R. A. 1917D, 627. 4 R. C. L. p. 509, et seq; 1 R. C. L. Supp. p. 1154.

Appeal by the First National Bank of Ivanhoe from a judgment of the district court for Lincoln county ordered by Gislason, J., canceling a mortgage. Affirmed.

*R. F. Schulz* and *J. N. Johnson*, for appellant.
*Mathews & Mathews* and *Stevens & Stevens*, for respondent.

STONE, J.

Appeal by but one defendant, First National Bank of Ivanhoe, from a judgment canceling a mortgage held by it on a quarter section of land of which plaintiff is the fee owner.

In April, 1915, plaintiff and his wife contracted with their son, Joseph Sovell, to convey the land to him upon his making certain money payments. One of them of almost $1,500 in one item he has paid; others at the rate of $120 annually, are in default. June 3, 1915, plaintiff and his wife (since deceased), conveyed the land to Joseph by warranty deed. It was in the usual form except for a clause that it was expressly "pursuant to the terms" of the contract of April, 1915. On the same day and as part of the same transaction, the parties entered into a new contract reciting the conveyance and in consideration thereof requiring Joseph to pay each parent annually on December 1 the sum of $60. Those payments were to

continue during the life of the payees and were made a lien on the land. The contract proceeds as follows:

"In case of failure on the part of the first parties to make any of the payments as they become due the second parties are hereby authorized to and at their election may cancel and annul said conveyance of said real estate, and thereupon all right, title and interest of the first parties in and to said real estate shall cease, and the second parties shall have right to possession thereof; provided that after the death of both of the second parties said conveyance shall be absolute in said Joseph Sovell, fully discharged from all the covenants and provisions of this contract unless said conveyance shall have been then cancelled and terminated as herein provided, on account of failure to make the payments, or any of them herein as herein stated."

Since the annual payments maturing December 1, 1919, none have been made.

Joseph took possession of the land under the deed of June 3, 1915, and now remains in possession. November 10, 1920, he mortgaged the land to defendant to secure an indebtedness of $2,160 no part of which has been paid. That mortgage is the one annulled by the judgment under review. October 10, 1922, Joseph Sovell reconveyed by deed of quitclaim to plaintiff. The premises are worth upwards of $13,000. Joseph's indebtedness is more than $11,000, but the findings negative fraud in the reconveyance of the property to his father. These are the outstanding facts as found below. The case is submitted upon the findings of fact and conclusions of law and all we have to determine is whether the latter and the order for judgment are justified by the facts found.

The contention that the reconveyance to his father was in fraud of the creditors of Joseph, we cannot consider. The findings are against it and the evidence is not here.

1. There is nothing in the argument that insofar as the deed and contract of June 3, 1915, introduced terms or conditions not in the preceding contract, there is an absence or failure of consideration. The parties were free to make their new contract ex-

press whatever terms new or old they desired to impose. The whole was supported by consideration and no stranger to that contract whose rights have subsequently attached to the subject matter can segregate any one term of the compact and maintain that it was without consideration.

2. For plaintiff it is contended that failure of Joseph Sovell to make the annual payments was a breach of a condition subsequent for which plaintiff had the right to declare, and for which he has properly declared, a forfeiture. For defendant the claim is that instead of such a condition subsequent there was only a lien to secure the payments in question. By its answer it tendered payment of the amounts due and offered to assume the obligation to make those yet to become due. Its position is that the only judgment justified by the facts as found is one that would have worked out that theory.

That is the controlling issue and we think it was correctly decided below. The land belonged to the parents. They could impose any conditions they cared to in turning it over to their son. They could make any term, however trivial it may now seem, a condition subsequent and reserve the right of forfeiture for its breach. The question therefore is not one of power but of intention. We have quoted the controlling portion of the contract and are satisfied that it must be given effect as one making payments of the annuities to the parents a condition subsequent, for breach of which there could be a forfeiture. Any other construction would thwart a clearly expressed purpose and ignore the plain import of contractual language, particularly the provision for re-entry. We come to that conclusion without considering the contract as one for support in kind and without reference to its prohibition of mortgages by the son without the written consent of the parents. We consider that the plain language of the documents, enforced as written, permits no other result.

Doescher v. Spratt, 61 Minn. 326, 63 N. W. 736, presents a fundamental distinction in that the conveyance there considered did not expressly reserve the right to cancel and re-enter. Childs v. Rue, 84 Minn. 323, 87 N. W. 918, hardly touches the point because there

the grantors died without attempting forfeiture and the only effort was by an administrator to enforce a lien for advances which had not been made. The subject was thoroughly gone into in Bruer v. Bruer, 109 Minn. 260, 123 N. W. 813, 28 L. R. A. (N. S.) 608, and on the authority of Minneapolis T. M. Co. v. Hanson, 101 Minn. 260, 112 N. W. 217, 118 Am. St. 623, and Hamel v. M. St. P. & S. S. M. Ry. Co. 97 Minn. 334, 107 N. W. 139 (and after questioning that of Peters v. Tunell, 43 Minn. 473, 45 N. W. 867, 19 Am. St. 252), it was declared that "where clearly expressed, and free from doubt, a forfeiture will be declared by the court in all cases where a breach of the conditions is shown." We consider this such a case except that the forfeiture was declared and executed by the parties before judicial action was invoked.

The argument has been suggested but not pressed that inasmuch as cancelation of the contract in this case was not by notice under the statute (Sec. 9576, G. S. 1923), it is of no effect. There is nothing in the point. The statute does not prevent parties to a contract for the conveyance of land from abrogating it by joint action in any manner they choose to adopt. State Bank of Milan v. Sylte, 162 Minn. 72, 202 N. W. 70, and cases cited.

Judgment affirmed.