### FLORENSKI v. SMITH.

1. Deeds—Fraud—Overreaching—Mental Competency—Want of Consideration—Findings of Fact—Evidence.
    In widow's suit against daughter to set aside deed, executed by plaintiff and her husband to defendant for a stated price and for care and keep of the parents, finding of fact by trial court that no fraud, deceit, overreaching, lack of capacity, or a want of consideration was involved in the transaction *held*, supported by record.

2. Contracts—Care and Support—Breach of Contract—Equity.
    One who without cause breaches or prevents performance of a contract for the care and support of an elderly parent is not entitled to equitable relief.

3. Equity—Care and Support—Construction of Offer to do Equity—Change of Circumstances.
    Offer of defendant daughter, contained in her cross bill, to provide plaintiff mother with care and support in defendant's own home but that if such arrangement is unacceptable, defendant was ready to do such other equity as the court might feel just and equitable is not construed as consenting to the

---

References for Points in Headnotes

[1–5] 50 Am Jur, Support of Persons, §§ 28, 29, 32.
[1–5] Remedy of rescission for grantee's breach of agreement to support grantor. 112 ALR 670.
[6] 14 Am Jur, Costs, § 98.

setting aside of entire transaction, particularly since it has resulted in a substantial change in defendant's circumstances, but is construed as willingness to meet the expense of maintaining the mother elsewhere than in the daughter's home.

4. SAME—CARE AND SUPPORT—CONSTRUCTION OF OFFER TO DO EQUITY.
   Plaintiff mother is afforded alternative relief upon her bill to set aside deed of farm she and her husband had executed in return for defendant daughter's promise to provide care and support for the balance of their lives, of accepting care and support in defendant's home or of care and support elsewhere than in defendant's home at defendant's expense, with provision for medical care and burial in either case, where title is confirmed in defendant and latter makes a specific offer "to do such other equity" as court may feel just and equitable.

5. DEEDS—QUIETING TITLE—CONTRACT FOR CARE AND SUPPORT—CHANGE OF CIRCUMSTANCES.
   In an elderly widow's suit to set aside deed whereby she and her husband had conveyed farm to defendant daughter for a stated price and for their care and keep, wherein it appears daughter took care of both parents for duration of father's life and then plaintiff until she went elsewhere, and made a substantial change in her circumstances incident to such performance under the contract as she was permitted to make, title to farm is quieted in defendant.

6. COSTS—MODIFICATION OF DECREE.
   No costs are allowed in equity suit to set aside a deed, where there is a substantial modification of the decree.

   CARR, BUSHNELL, and SHARPE, JJ., dissenting.

### ON APPLICATION FOR REHEARING.

7. ACCOUNTING—REMAND.
   Accounting by defendant, sought by plaintiff but not granted by the trial court nor ordered by Supreme Court on original hearing, is granted on denial of motion for rehearing, without costs, where accounting should have been ordered; the cause being remanded for the taking of further testimony and supplemental decree as to such matter.

Appeal from Charlevoix; Brown (Charles L.), J. Submitted January 4, 1950. (Docket No. 28, Calendar No. 44,492.) Decided April 13, 1950. Rehearing denied June 8, 1950.

Bill by Antona Florenski against Sophia Smith to have deed declared null and void. Cross bill by defendant against plaintiff to quiet title in defendant. Decree requiring plaintiff to accept terms of contract and making provision for disposition if she does not accept. Plaintiff appeals. Defendant cross-appeals. Modified and decree entered. On denial of motion for rehearing, remanded for further testimony for accounting and supplemental decree.

*Gillett & Bellamy,* for plaintiff.

*Guy C. Conkle, Jr.,* for defendant.

Sharpe, J. (*dissenting*). Plaintiff filed a bill in chancery to set aside a deed and for an accounting. Plaintiff is an aged Polish lady, unable to speak or write the English language and of the age of 72 years.

On May 28, 1946, she and her husband were the legal owners and tenants by the entireties of a farm in Charlevoix county, Michigan. For some time prior to the above date, there was discussion among the family as to their future care and maintenance during their old age. On the above date a verbal agreement was entered into between plaintiff and her husband with their daughter, Sophia Smith, defendant herein, whereby Sophia Smith was to purchase the farm for the sum of $5,000 and to furnish the support and maintenance of her parents, provide medical attention and a decent burial upon their death. The agreement also provided that Sophia Smith was to have the personal property on the farm. It also appears that the parents indicated a desire to make a gift of a part of the $5,000 and to pay each of 6 children, including defendant, the sum of $500. On the date above mentioned plaintiff and her husband executed a deed of the farm to defendant. The parents continued to reside on the farm until sometime in

November, 1946, when they moved to Boyne City and made their home with defendant.

On June 3, 1946, defendant caused an auction to be held at the farm at which time personal property was sold for a total net return of $1,143.29 which defendant received in cash. About this time some cattle were sold and defendant received approximately $300 from such sale.

On July 3, 1946, a deposit was made of moneys belonging to plaintiff and her husband. The deposit was made in the joint names of plaintiff, her husband and defendant. In January, 1947, defendant withdrew the entire $1,500 of the joint account. It also appears that in November, 1946, plaintiff and her husband either gave or loaned to defendant the sum of $600. Shortly after defendant's father came to Boyne City, he became ill and was bedfast until March 10, 1947, when he died. Sophia Smith paid the doctor bill and expenses of burial which amounted to $409, as well as paying each of her brothers and sisters the sum of $500. It also appears that defendant sold the farm to her nephew on a land contract for the sum of $4,000, with $1,000 paid down and the balance at the rate of $25 per month. Shortly after the death of defendant's father, plaintiff left the home of defendant and went to live with relatives and has received no support from defendant since leaving defendant's home.

The cause came on for trial and at its conclusion an opinion was filed in which the trial court stated:

"It is therefore the opinion and conclusion of this court that plaintiff and her husband intended to sell the farm and are bound by the warranty deed, and that no fraud, duress, undue influence or misrepresentation was used or practiced by the defendant in the obtaining of said deed. * * *

"Plaintiff has lived with her other sons, daughters and relatives since within one week after her hus-

band's funeral, and has consistently failed and refused to return and live with defendant, and by so doing has prevented the defendant from full performance of her agreement to provide and care for her mother the balance of her life. * * *

"After hearing the proofs it seems apparent to this court that defendant if not the best able was at least equally able to and did make and receive acceptance of the offer to furnish such facilities for her parents, and that she did fully perform and furnish said facilities and care to her father for the balance of his life. Therefore, she at least has partially performed said agreement, and is still ready, willing and able to perform the balance of said agreement and care for her mother for the balance of her life, but has been prevented from such performance by reason of the refusal of her mother to come and live with her, whether through misapprehension, misunderstanding or other reasons. * * *

"If we should assume that all of plaintiff's testimony is absolutely true, defendant received $1,143 from the auction sale held on the farm, another $300 from the auction of miscellaneous chattels held at another place, $1,000 down payment on the land contract for the sale of the farm formerly owned by plaintiff and her husband, now deceased, $850 in monthly payments subsequently received from the land contract vendee, $600 cash which her mother testified was given for payment of funeral bills of herself and husband, $1,500 which was deposited in a joint savings account, or a total of $5,393.

"Defendant paid out $2,500 at the rate of $500 each to the 5 brothers and sisters, $350 funeral bill for her deceased father, $30 to the priest, $14 to the doctor and $15 for grave services, or a total of $2,909; leaving a balance of cash received in all of the transactions of $2,484. * * *

"That inasmuch as defendant was obliged to purchase another house, place a mortgage in the amount of $5,000 on same, install a new furnace, a bathroom near the downstairs bedroom of plaintiff and her

husband, now deceased, repair and redecorate same at considerable expense to herself, which she would not ordinarily have been required to do, and inasmuch as plaintiff's counsel objected to the introduction of any further testimony as to such additional actual expenses when this court suggested such testimony be taken, this court concludes that defendant is certainly entitled to be credited with at least one year's interest on said $5,000 mortgage, and fixes said amount at $300; or a total credit which defendant is entitled to receive of $1,640, leaving a balance of $844, plus interest for 20 months (from January 17, 1947, when the joint savings account was withdrawn) at the rate of 1½ per cent., or a total of $866.-15, which defendant is then to pay to plaintiff forthwith."

A decree was entered which provided:

"It is therefore ordered, adjudged and decreed that the plaintiff herein accept defendant's offer to abide by the terms and conditions of the agreement entered into between the defendant and her parents, or if plaintiff does not within 30 days after the entry of this decree notify defendant of her intention to accept and abide by the above provisions, defendant shall execute a quitclaim deed conveying all her right, title and interest in and to the property described in plaintiff's bill of complaint, to plaintiff, subject to a land contract of defendant's vendee having an unpaid balance of $2,150 plus interest, and if defendant has received payments on said land contract since August 17, 1948, the sum of such payments so received shall be added to the amount to be paid to the plaintiff, plus interest, and also pay forthwith to plaintiff the sum of $866.15.

"Neither party shall recover costs herein."

Plaintiff appeals and urges that the deed signed "by mark" by 2 persons who do not read or write the English language, not explained to them and not acknowledged under oath and containing no reser-

vation of a life interest in accordance with the agreement is not a legal instrument.

We are in accord with the finding of fact of the trial court that no fraud, duress, undue influence or misrepresentation was used or practiced by the defendant in the obtaining of the deed, nor is there any evidence that plaintiff and her husband did not know what they were doing when they executed the deed. It also appears that the deed was properly witnessed, acknowledged and recorded. We find no merit in plaintiff's claim.

Plaintiff also urges that there was failure of consideration on the part of defendant. The record shows that defendant completely fulfilled her obligation to support her father for the balance of his life and gave him a decent burial and also made complete performance as to plaintiff up to the time plaintiff left defendant's home. We conclude that there is no merit in this claim.

Plaintiff also urges that defendant is not entitled to a credit of $840 for the support of plaintiff during the time plaintiff lived with defendant. The trial court arrived at this amount at the rate of $20 per week for the care and support of her parents from April, 1946, to March 15, 1947. In cases where contracts for care and maintenance have been set aside it is only equitable that the party furnishing the care and maintenance be allowed a reasonable amount for such care and maintenance. See *Dodge v. Dodge,* 92 Mich 109, and *Marsac v. De Ford,* 184 Mich 389. In the case at bar the amount allowed by the trial court comes within the above rule.

Plaintiff also urges that defendant was not entitled to a $500 credit as a gift. In the agreed statement of facts it is agreed that defendant is to have the sum of $500 out of the purchase price of the farm. It comes too late to attempt to nullify the agreed statement of facts.

It is also urged that defendant should not be entitled to a credit of $300 for 1 year's interest upon a $5,000 mortgage. In our opinion defendant should not be entitled to this credit.

The record does not show any reason for defendant securing a mortgage. Plaintiff should not be charged for the interest on a $5,000 mortgage secured by defendant without a showing that the money so borrowed was for the benefit of plaintiff.

Defendant filed a cross appeal in which it is urged:

"1. That the court erred as a matter of law after finding that the defendant and cross-appellant had performed her contract with said plaintiff, but was prevented from further performance thereof by plaintiff's refusal to live with said defendant, in not dismissing the plaintiff's bill of complaint, and not awarding defendant and cross-appellant the relief prayed for in defendant's cross bill of complaint.

"2. That if the court was right, as a matter of law, in granting to plaintiff any relief, the court still erred as a matter of law in not holding the contract between Sophia Smith, Antona Florenski and Frank Florenski as severable, and in the accounting between the parties hereto and in not charging defendant with only one-half amount she received pursuant to said contract and crediting her with items chargeable to Antona Florenski."

In defendant's cross bill we find the following:

"Said defendant is still willing to provide for the care and support in her own home, but that if said plaintiff does not desire to accept this arrangement, then said defendant is ready to do such other equity as this court may feel just and equitable.

"That this court may make such further order in the premises as shall be just and equitable according to equity and good conscience."

The relief granted by the trial court is unusual, but in view of the fact that this is a chancery case in

which both parties seek equity, we conclude that the decree entered in this case should be modified to include the sum of $300, heretofore mentioned, in addition to the sum of $866.15 mentioned in the decree, and that defendant shall pay the same to plaintiff within 60 days from the filing of the decree in this cause, unless plaintiff accepts defendant's offer to abide by the terms and conditions of the agreement made by herself and husband with the defendant. Plaintiff shall elect her course of action within 30 days from the filing of the decree in this cause.

The decree as modified should be affirmed, but neither party having fully prevailed upon this appeal, no costs are awarded.

CARR and BUSHNELL, JJ., concurred with SHARPE, J.

NORTH, J. On the record before us I am unable to agree with Mr. Justice SHARPE's conclusion that the decree, as modified, should be affirmed. The facts are adequately stated in my Brother's opinion. In addition to answering plaintiff's bill of complaint, defendant filed a cross bill in which she prayed: "That her title to the above described real estate (being the farm in suit) may be forever quieted against said plaintiff and cross-defendant." This relief was not obtained by defendant in the trial court and she perfected a cross appeal, and assigned as one of the reasons therefor the following:

"That the court erred as a matter of law, after finding that said defendant and cross-appellant had performed her contract with said plaintiff, but was prevented from further performance thereof by plaintiff's refusal to live with said defendant, in not dismissing the plaintiff's bill of complaint, and not awarding defendant and cross-appellant the relief prayed for in defendant's cross bill of complaint."

Insofar as the foregoing refers to the finding of the trial court it is amply supported by the record. In substance the finding is to the effect that incident to the original transaction whereby the property of defendant's parents was transferred to her there was no fraud, deceit, overreaching, lack of capacity, or want of consideration. The trial court went so far as to say:

"After hearing the proofs it seems apparent to this court that defendant if not the best able was at least equally able to and did make and receive acceptance of the offer to furnish such facilities for her parents, and that she did fully perform and furnish said facilities and care to her father for the balance of his life. Therefore, she at least has partially performed said agreement, and is still ready, willing and able to perform the balance of said agreement and care for her mother for the balance of her life, but has been prevented from such performance by reason of the refusal of her mother to come and live with her."

Neither the trial court nor my Brother has found in this record anything which challenges the validity of the contract between these parties or its faithful performance by defendant except to the extent plaintiff has prevented such performance. One who without cause breaches or prevents performance of such a contract is not entitled to equitable relief. In several of its factual and legal aspects the instant case is quite similar to *Drinski* v. *Drinski,* 309 Mich 479, wherein cancellation of a deed from a mother to her daughter was denied. A like result should be decreed herein; otherwise, at the option of a grantor, such deeds, even after substantial performance of the contractual arrangement, are a mere nullity.

While it is true that in her cross bill it is alleged "That said defendant offers to do equity  *  *  * and that said defendant is still willing to provide for the care and support in her own home, but that if

said plaintiff does not desire to accept this arrangement, then said defendant is ready to do such other equity as this court may feel just and equitable," it would seem hardly justifiable, especially in view of the relief sought in defendant's cross bill and the above quoted ground in support of her appeal, to construe the above to mean that defendant was willing and consenting that the whole transaction should be set aside, particularly since it has resulted in a substantial change in her circumstances. Instead, a fair construction of defendant's offer to do equity would be that she was willing to meet the expense of maintaining her mother elsewhere than in the daughter's home and otherwise perform the agreement as originally made.

I am in accord with my Brother's holding that the deed was validly executed for a sufficient consideration; and in my opinion defendant should be decreed to have the title to the real estate here involved quieted in her as against any rights of plaintiff.

In order that an equitable adjustment may be accomplished in the instant case a decree may be entered in this Court providing as follows:

(1) If plaintiff wishes to be supported and cared for elsewhere than in defendant's home, plaintiff shall within 30 days after this opinion is rendered file in this Court her election to that effect, and a decree will be entered accordingly and the case remanded to the trial court with jurisdiction to take further testimony as to the amount defendant may be required to pay plaintiff for her care and support elsewhere than in defendant's home. In event plaintiff shall so elect, defendant will be decreed as also liable for the expense of the medical needs and burial of plaintiff.

(2) In event plaintiff does not make and file an election as above provided, defendant after the ex-

piration of the provided 30 days may take a decree wherein it shall be provided that defendant will perform her obligation to provide proper care and support of plaintiff in defendant's home and to provide for plaintiff medical care and a suitable burial.

(3) In either of the above events, provision may be made in the decree confirming defendant's title to the farm property involved in this suit. No costs will be awarded.

BOYLES, C. J., and REID, DETHMERS, and BUTZEL, JJ., concurred with NORTH, J.

PER CURIAM. Since our decision in this case, reported in 327 Mich 502, was filed, plaintiff has submitted an application for rehearing. Our former holding, concurred in by a majority of the Court, that plaintiff was not entitled to cancellation of the deed in suit is not challenged on this application for rehearing. But plaintiff does point out that notwithstanding the deed was held valid, an accounting by defendant to plaintiff should have been decreed; and in that respect the majority opinion of the Court was deficient.

We agree with the above contention of plaintiff; but our further consideration of the record discloses lack of specific details to enable this Court to accomplish an accounting with any degree of accuracy and justice. We do not have the benefit of an accounting by the circuit judge on the basis of the deed in suit being held valid. Therefore a decree may be entered in this Court as provided in our former opinion; but the case will be remanded to the trial court with jurisdiction to take such further testimony bearing upon the accounting as the trial court · may deem proper and to render a supplemental decree as to such accounting.

In consequence of this *per curiam,* plaintiff's motion for rehearing is denied, but without costs.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.